John Carl JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 53089.

Court of Criminal Appeals of Texas.

Oct. 6, 1976.

---

Michael Allen Peters, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge, Don R. Stricklin, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before the court on a plea of guilty, appellant was convicted of unlawfully presenting a credit card with intent to defraud (see V.T.C.A. Penal Code, Sec. 32.-31(b)(1)(A), Credit Card Abuse). Punishment was assessed at nine years.

■ In three grounds of error appellant complains of a variance in the name of the complainant in the original complaint and the indictment. The complaint and the indictment name the owner of the credit card to be Michael D. Savage. All of the evidence refers to the owner as Michael D. Savage. Appellant's complaint of a variance is based on a handwritten notation of "Michele D. Savage" and a line drawn through the typed name of Michael on the complaint filed in the Justice of the Peace court, as follows:

"WITNESSES FOR EXAMINING TRIAL:

"Betty Allbrooks, 2226 Silverbonne, 682–5459
"~~Michael~~ D. Savage, 10756 Bexley, 498–2367
"C. | E. Love, # 1546 HPD

"Michele D. Savage" (This name is handwritten on the complaint)

Appellant under these three grounds of error makes no complaint of the sufficiency of the indictment to properly name the complainant, or of any variance between the indictment and the proof. Neither did he make any such complaint in the trial court. Since this prosecution was based on the indictment, error, if any, in the notation on the complaint of the name of a witness for the examining trial becomes immaterial and harmless.

In his fourth ground, appellant contends the indictment is fundamentally void since it does not adequately describe the property and services appellant intended to fraudulently obtain by presenting the Texaco credit card.

The indictment alleged that appellant in Harris County on or about January 17, 1975,

"did then and there unlawfully with intent to fraudulently obtain property and services, present to Betty Allbrooks a Texaco credit card owned by Michael D. Savage, hereafter called the Complainant, without the effective consent of the complainant, knowing that the credit card had not been issued to the Defendant."

V.T.C.A. Penal Code, Sec. 32.31(b)(1)(A), provides:

"(b) A person commits an offense if:
"(1) with intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that:
"(A) the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder; or . . . ."

■ No motion to quash the indictment was made in the trial court, and appellant's contention is made for the first time on appeal. Hence, only such contentions cog-

nizable under Art. 27.08, V.A.C.C.P., to-wit, that the indictment fails to allege the constituent elements of the offense, are before this Court for review. *Cox. v. State*, Tex. Cr.App., 523 S.W.2d 695; *American Plant Food Corporation v. State*, Tex.Cr.App., 508 S.W.2d 598.

 Ordinarily an indictment which charges an offense in the terms of the statute is sufficient. *Baldwin v. State*, Tex. Cr.App., 538 S.W.2d 109, 111. Since the constituent elements of the offense were charged in the terms of the statute, and the owner of the card and the person to whom appellant presented it were named, the indictment gave sufficient notice of the offense with which appellant was charged. See *Cox v. State*, supra; *American Plant Food Corporation v. State*, supra. See also New Texas Penal Code Forms by Morrison and Blackwell, page 45, Form 32.31A.

Appellant's contention in his fourth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, J., concurs in result.