Ex parte Casper WALTERS.

No. 56963.

Court of Criminal Appeals of Texas,
Panel No. 3.

May 31, 1978.

Before ROBERTS, PHILLIPS and VOL-
LERS, JJ.

## OPINION

ROBERTS, Judge.

This is a post conviction application for a writ of habeas corpus under Article 11.07, Vernon's Ann.C.C.P.

The petitioner was indicted on July 23, 1976, for credit card abuse,[1] in Cause No. F–76–6122–QH. On January 14, 1977, the petitioner pleaded guilty to the indictment and the trial judge assessed his punishment at seven years' confinement in the Texas Department of Corrections. No appeal was taken.

On November 2, 1977, the petitioner filed his application for a writ of habeas corpus. His sole contention is that his conviction is void because the indictment was fundamentally defective.[2] We grant the requested relief.[3]

The indictment, omitting the formal portions, states that the petitioner:

". . . did unlawfully, then and there present to Linda Moore, a Sears Credit Card Number 0 95742 5 6500 5, with intent to obtain property and service, without the effective consent of the cardholder William R. Opry."

V.T.C.A., Penal Code, Section 32.31(b) states that:

"(b) A person commits an offense if:
"(1) with intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that:
"(A) the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder; or
"(B) the card has expired or has been revoked or cancelled;
"(2) with intent to obtain property or service, he uses a fictitious credit card or the pretended number or description of a fictitious credit card;
"(3) he receives property or service that he knows has been obtained in violation of this section;
"(4) he steals a credit card or, with knowledge that it has been stolen, receives a credit card with intent to use it, to sell it, or to transfer it to a person other than the issuer or the cardholder;
"(5) he buys a credit card from a person who he knows is not the issuer;
"(6) not being the issuer, he sells a credit card;
"(7) he uses or induces the cardholder to use the cardholder's credit card to obtain property or service for the actor's benefit for which the cardholder is financially unable to pay;
"(8) not being the cardholder, and without the effective consent of the cardholder, he signs or writes his name or the name of another on a credit card with intent to use it;
"(9) he possesses two or more incomplete credit cards that have not been issued to him with intent to complete them without the effective consent of the issuer. For purposes of this subdivision, a credit card is incomplete if part of the matter that an issuer requires to appear on the credit card before it can be used (other than the signature of the cardholder) has not yet been stamped, embossed, imprinted, or written on it;

---

1. V.T.C.A., Penal Code, Section 32.31.

2. It is clear that a fundamentally defective indictment may be challenged by habeas corpus under Article 11.07, Vernon's Ann.C.C.P. *Ex Parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App. 1976); *Standley v. State*, 517 S.W.2d 538 (Tex. Cr.App.1975).

3. We note at the outset that the trial judge, without a hearing, has entered findings of fact and conclusions of law which support the appellant's position.

"(10) being authorized by an issuer to furnish goods or services on presentation of a credit card, he, with intent to defraud the issuer or the cardholder, furnishes goods or services on presentation of a credit card obtained or retained in violation of this section or a credit card that is forged, expired, or revoked; or

"(11) being authorized by an issuer to furnish goods or services on presentation of a credit card, he, with intent to defraud the issuer or a cardholder, fails to furnish goods or services that he represents in writing to the issuer that he has furnished."

It is clear that the indictment was drafted to satisfy Section 32.31(b)(1)(A). The elements of credit card abuse under Section 32.31(b)(1)(A) are:

(1) a person

(2) with intent to obtain property or service fraudulently

(3) presents or uses

(4) a credit card

(5) with knowledge that it has not been issued to him and

(6) with knowledge that it is not used with the effective consent of the cardholder.

According to the petitioner, the indictment failed to allege that the petitioner used the card with knowledge that it had not been issued to him and with knowledge that his use was not with the effective consent of the cardholder.

The petitioner's contention is well founded. The indictment fails to allege that petitioner presented a credit card *with knowledge* that it had not been issued to him and *with knowledge* that he used the card without the effective consent of the cardholder.

4. See V.T.C.A., Penal Code, Sections 6.02 and 6.03.

5. See Article 21.05, Vernon's Ann.C.C.P.

6. In *Carpenter v. State,* supra at 725, we held that in reference to V.T.C.A., Penal Code, Section 20.04, "[the] intent to violate and abuse another" was not a culpable mental state, but an element of the offense. There, as in the

Thus, the culpable mental state was not alleged.[4] *Cf. Carpenter v. State,* 551 S.W.2d 724 (Tex.Cr.App.1977). Also, the indictment fails to properly allege the requirement that the act be performed with the "intent to obtain property or service fraudulently" since it omits the word *fraudulently.*[5] *Cf. Bocanegra v. State,* 552 S.W.2d 130 (Tex.Cr.App.1977).[6] Thus, the indictment is fundamentally defective.

The petitioner's application for writ of habeas corpus is granted and the prosecution under this indictment is dismissed.

It is so ordered.

VOLLERS, J., dissents.

present case, the statute defining the offense specifically enumerated a culpable mental state. Thus, it appears logical to conclude that the required "intent to obtain property or service fraudulently" is only an element of the offense, not a culpable mental state. *Cf. Clark v. State,* 558 S.W.2d 887 (Tex.Cr.App.1977) and *Teniente v. State,* 533 S.W.2d 805 (Tex.Cr.App. 1976).