**Ex parte Tom Henry MATHIS.**

**No. 57073.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 27, 1978.

2. Compare: Sec. 12.42, subsections (a)–(d) with Art. 61–65 V.A.P.C., 1925.

Before ROBERTS, PHILLIPS and VOL-LERS, JJ.

## OPINION

VOLLERS, Judge.

This is a post conviction habeas corpus proceeding brought under Article 11.07, V.A.C.C.P.

The petitioner was convicted upon his plea of guilty of the offense of credit card abuse. Two prior felonies had been alleged by the State for enhancement purposes but before the trial the State moved to dismiss the third paragraph, and petitioner, upon his plea of guilty, was sentenced to confinement for twenty years. Petitioner thereafter waived his right to appeal.

Petitioner now alleges that the indictment which underlies his conviction is fundamentally defective for failure of the alleged primary offense to contain necessary elements to establish an offense under Sec. 32.31(b)(1)(A) V.A.P.C.

The indictment before us reads, in relevant part:

"[Defendant] . . . did unlawfully, then and there present to Charles Epley, an A&A Credit Card Number 28576, with intent to obtain property and service, without the effective consent of the cardholder, R. Saba, . . . ."

The application for habeas corpus now before us was filed in the 194th Judicial District Court of Dallas County. No hearing having been deemed necessary, the trial court entered findings of fact and conclusions of law, recommending that the writ be granted. We agree.

A complaint as to the sufficiency of an indictment may be urged for the first time after trial where the indictment utterly fails to allege that an offense was committed by the defendant. *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974). If an element of the offense is omitted then the indictment fails to allege an offense. We find on examination of the indictment before us that it does fail to charge the offense of credit card abuse under Section 32.31(b)(1)(A) V.A.P.C.

The constituent elements of the offense of credit card abuse under said section are:

(1) a person

(2) with intent to fraudulently obtain property or service

(3) presents or uses a credit card

(4) with knowledge that the card was not issued to him and

(5) with knowledge that it is not used with the effective consent of the cardholder.

A comparison of the allegations of the indictment with these elements reveals that the indictment is insufficient in two regards. First of all, it fails to allege that the appellant had the intent to obtain the property *fraudulently* (under element number 2) and it fails to allege that he acted with *knowledge* that the credit card had not

been issued to him or that it was not used with the effective consent of the cardholder. From this comparison it becomes apparent that the indictment omits elements of the offense and is fundamentally defective. *Walters v. State,* 566 S.W.2d 622 (Tex.Cr.App.1978).

The petitioner's application for writ of habeas corpus is granted and the prosecution under this indictment is dismissed. It is so ordered.