**Ex parte Linda Kaye REED.**

**No. 59773.**

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 13, 1978.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

### OPINION

TOM G. DAVIS, Judge.

This is an application for a post-conviction writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

On May 16, 1975, petitioner was convicted upon her plea of guilty for the offense of credit card abuse and placed on probation for a period of three years. No appeal was taken. On March 29, 1978, petitioner's probation was revoked. It appears from the record before us that no appeal was taken from the order revoking probation.

On September 5, 1978, petitioner filed an application for writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P., in the trial court alleging that the judgment of conviction was based upon an information which was fundamentally defective because it

failed to contain the necessary elements to establish an offense under V.T.C.A. Penal Code, Sec. 32.31(b)(1)(A).[1] The district court entered an order recommending that the relief sought be granted. We agree.

The information in the instant case alleges in pertinent part that on or about February 20, 1975, the petitioner did unlawfully:

"then and there present a Titches Credit Card # 352–2666–1 to Virginia Dunn, with intent to obtain property and service without the effective consent of the cardholder, namely, Charles A. Davidson. . . . "

In *Ex parte Walters*, 566 S.W.2d 622 (Tex.Cr.App.1978), this Court held that an indictment for credit card abuse under V.T.C.A. Penal Code, Sec. 32.31(b)(1)(A), was fundamentally defective when it failed to allege that the petitioner used the card with knowledge that it had not been issued to him and with knowledge that his use of it was without the effective consent of the cardholder. In *Ex parte Mathis*, 571 S.W.2d 186 (Tex.Cr.App.1978), this Court held an indictment for credit card abuse under V.T.C.A. Penal Code, Sec. 32.-31(b)(1)(A), fundamentally defective where it failed to allege that the petitioner had the intent to obtain the property fraudulently and also failed to allege that he acted with knowledge that the credit card had not been issued to him and that it was used without the effective consent of the cardholder.

It is apparent that the information in the instant case, like the indictment in *Ex parte Mathis*, supra, fails to allege that petitioner had the intent to obtain the property *fraudulently* and it also fails to allege that she acted with *knowledge* that the credit card had not been issued to her and was used without the effective consent of the cardholder. Since it is apparent that the indictment in the instant case omits essential elements of the offense, it is fundamentally

defective. *Ex parte Walters*, supra; *Ex parte Mathis*, supra.

The relief requested in the habeas corpus is granted and the prosecution under this indictment is dismissed.

It is so ordered.

---

1. This section provides as follows:
   "A person commits an offense if:
   with intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that: the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder . . . ."