**Ex parte Audrey Gail DAWSON.**

**No. 60382.**

Court of Criminal Appeals of Texas, Panel No. 3.

March 28, 1979.

Carol S. Vance, Dist. Atty. and Douglas M. O'Brien, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

W. C. DAVIS, Judge.

This is a post-conviction habeas corpus proceeding instituted under the provisions of Article 11.07, Vernon's Ann.C.C.P.

On January 19, 1978, appellant waived her right to trial by jury and entered a plea of guilty before the court to the first count of a two count indictment charging her with credit card abuse. She was convicted of credit card abuse under the first count of the indictment, and punishment was assessed at imprisonment for six years. Appellant was formally sentenced on March 14, 1978. No appeal was taken.

It is now contended that the first count of the indictment, under which appellant was convicted, is fundamentally defective for failure to state an offense against the law. The first count of the indictment, in pertinent part, alleged that appellant, on or about December 10, 1977, "did with intent to fraudulently obtain property and services, present to JANICE MANUEL a FOLEY's credit card owned by ALICE LOUISE PHIPPS, hereafter styled the Complainant, without the effective consent of the Complainant, knowing that the credit card had not been issued to the Defendant."

The above indictment was drawn under the provisions of V.T.C.A., Penal Code, Sec. 32.31(b) which, in pertinent part, provides:

"A person commits an offense if:

"(1) with intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that:

"(A) the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder; . . ."

Petitioner's specific complaint is that the indictment fails to allege that the credit card was presented *with knowledge* that it was not used with the effective consent of the cardholder. We agree and grant the relief requested.

In *Ex parte Walters,* 566 S.W.2d 622 (Tex.Cr.App.1978), this Court held that the essential elements of credit card abuse under Section 32.31(b)(1)(A) are:

(1) a person

(2) with intent to obtain property or services fraudulently

(3) presents or uses

(4) a credit card

(5) with knowledge that it has not been issued to him and

(6) with knowledge that it is not used with the effective consent of the cardholder.

An allegation of culpable mental state (knowledge) regarding the lack of effective consent by the cardholder is omitted in the indictment in this case as it was in *Ex parte Walters,* supra. See also *Ex parte Lucas,* 574 S.W.2d 162 (Tex.Cr.App.1978) and *Ex parte Mathis,* 571 S.W.2d 186 (Tex.Cr.App. 1978). This indictment, which fails to allege a necessary element of the offense, is so defective as to require that relief be granted.

Consequently, the relief requested in the habeas corpus is granted and the prosecution under this indictment is dismissed.