**Embry Lloyd GUSTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 58559.

Court of Criminal Appeals of Texas, En Banc.

May 2, 1979.

William D. Tipton, Houston, for appellant.

Carol S. Vance, Dist. Atty. and William W. Burge, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for credit card abuse. Trial was before the court upon a plea of guilty. Punishment, enhanced by a prior felony conviction, was assessed at fifteen years and one day.

Appellant urges for the first time that the indictment under which he was convicted is fundamentally defective.

In pertinent part the indictment alleges that appellant:

". . . on or about December 14, 1976 unlawfully with intent to fraudulently obtain property and services, present to Mazella Beaudoin a Exxon Company, U.S.A. credit card owned by Edward Griffeth, hereafter styled the complainant, without the effective consent of the complainant knowing the credit card had not been issued to the Defendant."

Appellant's attack on the indictment stems from its failure to aver that appellant presented the card *knowing* that he did not have the effective consent of the cardholder.

V.T.C.A. Penal Code, Sec. 32.31(b), provides:

"(b) A person commits an offense if:

"(1) with intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that:

"(A) the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder; . . . ."

The indictment fails to allege that the appellant used the credit card *knowing* that he did not have the effective consent of the cardholder. The indictment is identical to the one in *Ex parte Dawson*, Tex.Cr.App., 578 S.W.2d 749 (1979), which was held fundamentally defective. See also *Ex parte Walters*, Tex.Cr.App., 566 S.W.2d 622; *Ex parte Reed*, Tex.Cr.App., 574 S.W.2d 161; *Ex parte Mathis*, Tex.Cr.App., 571 S.W.2d 186.

Appellant's motion for rehearing is granted and the judgment is reversed and the cause remanded.