**Ex parte Tom Henry MATHIS.**

**No. 61235.**

Court of Criminal Appeals of Texas, En Banc.

May 2, 1979.

noted nor needed since it had already been provided in Cause Number 83407.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A. C.C.P.

Tom Henry Mathis contends that his convictions for credit card abuse in Cause Numbers F–76–5255–PM and F–76–5257–PM are void because they are based on fundamentally defective indictments. The indictment in F–76–5255–PM, which is identical to the other indictment in all material respects, alleges that Mathis did:

"  .   .   . then and there present to CHARLES EPLEY, a A&A Liquor Credit Card Number 28576, with intent to obtain property and service, without the effective consent of the cardholder R. SABA."

Petitioner contends that the indictment is void because it fails to allege that he "intended to obtain the property *fraudulently*" and that he acted "*with knowledge that the card was not issued to him.*" The statutory definition of the offense provides:

"A person commits an offense if:

"With intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that: the

4. Articles 11.07 and 11.64, V.A.C.C.P.; *Ex Parte Guzman*, 551 S.W.2d 387 (Tex.Cr.App. 1977).

card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder." V.T.C.A., Penal Code, Section 32.-31(b)(1)(A).

In *Ex parte Mathis,* 571 S.W.2d 186 (Tex. Cr.App.1978), we considered an indictment drafted in the same language. We observed:

"[I]t fails to allege that the appellant had the intent to obtain the property *fraudulently* . . . and it fails to allege that he acted with *knowledge* that the credit card had not been issued to him or that it was not used with the effective consent of the cardholder."

We then concluded that such an indictment was fundamentally defective and void.

The holding of *Ex parte Mathis* controls the instant case. Both indictments herein complained of fail to fully allege an offense and are void.

Relief is granted to petitioner in both cases and it is ordered that the indictments be dismissed.