**Ex parte Debra Inez SHARPE.**

No. 60833.

Court of Criminal Appeals of Texas, En Banc.

May 23, 1979.

---

**184**

Carol S. Vance, Dist. Atty., and Douglas M. O'Brien, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

This is an application for a post-conviction writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

The petitioner was convicted for the felony offense of credit card abuse on June 19, 1978. The court assessed punishment of imprisonment for two years. The petitioner did not appeal from the conviction, and subsequently, pursuant to the provisions of Art. 42.12, Sec. 3e(a), V.A.C.C.P., the court suspended further execution of the petitioner's sentence and granted probation.

The petitioner now urges that the indictment under which she was convicted was fundamentally defective because it failed to allege a criminal offense.

It is alleged in the indictment that the petitioner on April 15, 1977, did

". . . unlawfully with intent to fraudulently obtain property and services present to Pam Rutledge a BankAmericard credit card owned by Hiram C. Limerick, hereafter styled the Complainant, without the effective consent of the Complainant, knowing that the credit card had not been issued to the Defendant . . . ."

It is asserted that the indictment fails to allege that petitioner presented the credit card *knowing* that she did not have the effective consent of the card holder.

V.T.C.A. Penal Code, Sec. 32.31, provides:

"(a) . . .

"(b) A person commits an offense if:

"(1) with intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that:

"(A) the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder;"

The indictment fails to allege the petitioner used the credit card *knowing* that she did not have the effective consent of the cardholder. The petitioner is entitled to the relief sought under the authority of *Ex parte Walters*, 566 S.W.2d 622 (Tex.Cr.App. 1978); *Ex parte Reed*, 574 S.W.2d 161 (Tex. Cr.App.1978); *Ex parte Mathis*, 571 S.W.2d 186 (Tex.Cr.App.1978); *Ex parte Dawson*, 578 S.W.2d 749 (Tex.Cr.App.1979); *Guster v. State*, 580 S.W.2d 363 (No. 58,559, decided May 2, 1979).

The State argues that under the authority of *Johnson v. State*, 541 S.W.2d 619 (Tex.Cr.App.1976) relief should be denied. The indictment in that case was substantially the same as the indictment in this case, and the judgment in that case was affirmed. However, the objection to the indictment in that case was not the same objection that has been made in this case. The matter here decided was not raised in that case. We were in error in *Johnson v. State*, supra, in stating that all of ". . . the constituent elements of the offense were charged in the terms of the statute . . . ." See the form for indictment suggested in McClung, Jury Charges for Texas Criminal Practice with Indictment

and Information Forms, rev. ed. 1979, p. 317.

The petitioner's application for writ of habeas corpus is granted and the prosecution under this indictment is dismissed.

It is so ordered.

DOUGLAS, Judge, dissenting.

The majority holds that the allegations in this credit card abuse case did not charge an offense because it did not allege that the petitioner presented the card knowing that she did not have the effective consent of the complainant. The indictment alleged that petitioner did

".  .  . unlawfully with intent to fraudulently obtain property and services present to Pam Rutledge a BankAmericard credit card owned by Hiram C. Limerick, hereafter styled the Complainant, without the effective consent of the Complainant, knowing that the credit card had not been issued to the Defendant.  .  .  ."

This Court held in *Johnson v. State*, 541 S.W.2d 619 (Tex.Cr.App.1976), that such allegations were good and alleged an offense. After the courts have followed the *Johnson* case for three years, the majority now holds fundamental error on the same allegations. The *Johnson* case was on appeal. The present case concerns a collateral habeas corpus attack after Sharpe did not contest the indictment. She entered a plea of nolo contendere which is tantamount to a plea of guilty.

The indictment is sufficient to give notice to an accused that the charge is credit card abuse. It alleges that the defendant with intent to fraudulently obtain property and services presented a credit card belonging to the complainant without the effective consent of the complainant knowing that the credit card had not been issued to the defendant.

Reading the allegations as a whole, it shows that Sharpe knew that she did not have consent to present the credit card. It alleges that she fraudulently used it without the effective consent of the complainant to obtain property.

Article 21.17, V.A.C.C.P., provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

This statute and the *Johnson* case, supra, should be followed.

In *Teniente v. State*, 533 S.W.2d 805 (Tex.Cr.App.1976), the conviction was for burglary. The indictment alleged:

" 'On or about the 3rd day of July, A.D., 1974, Tony P. Teniente did then and there, with intent to commit theft, enter a habitation without the effective consent of Carlos Reyna, the owner.' "

There was no allegation of a culpable mental state that Teniente intentionally or knowingly entered the building. The allegation of entering the building "with intent to commit theft" was held sufficient. The same reasoning should apply in this case.

The relief sought should be denied.

W. C. DAVIS, J., joins in this dissent.