Billy O'Neil BAKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 62803.

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 6, 1980.

E. Neil Lane, Houston, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

---

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of credit card abuse. V.T.C.A., Penal Code, Sec. 32.31. Appellant waived trial by jury and entered a plea of guilty before the court. He was convicted and the court assessed punishment at imprisonment for five years in the Texas Department of Corrections.

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit.

In reviewing the record we have, however, found fundamental error which requires our review in the interest of justice. Art. 40.09, Sec. 13, V.A.C.C.P.

The original indictment charging the appellant with the offense of credit card abuse alleges in pertinent part that the appellant:

"On or about January 17, 1978, did then and there unlawfully with intent to fraudulently obtain property and services, present to Jamie Martinez a Montgomery Ward credit card owned by Richard Walton Janeke, hereafter styled the Complainant, without the effective consent of the Complainant, knowing that the credit card had not been issued to the Defendant."

This indictment appears to have been drawn under the provisions of V.T.C.A., Penal Code, Sec. 32.31(b), which provides in pertinent part as follows:

"A person commits an offense if:

(1) with the intent to obtain property and services fraudulently, he presents or uses a credit card with knowledge that:

(A) The card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder; . . ."

In *Ex parte Walters*, 566 S.W.2d 622 (Tex.Cr.App.1978) this Court held that the essential elements of credit card abuse under Sec. 32.31(b)(1)(A) are (1) a person; (2) with intent to obtain property or services fraudulently; (3) presents or uses; (4) a credit card; (5) with knowledge that it has not been issued to him; and (6) with knowledge that it has not been used with the effective consent of the card holder. An allegation of a culpable mental state (knowledge) regarding the lack of effective consent by the card holder is omitted in the indictment in this case as it was in *Ex parte Walters*, supra, and *Ex parte Dawson*, 578 S.W.2d 749 (Tex.Cr.App.1979). See also, *Ex parte Sharpe*, 581 S.W.2d 183 (Tex.Cr.App. 1979); *Ex parte Guster*, 580 S.W.2d 363 (Tex.Cr.App.1979); *Ex parte Mathis*, 580 S.W.2d 371 (Tex.Cr.App.1979); *Ex parte Lucas*, 574 S.W.2d 162 (Tex.Cr.App.1978) and *Ex parte Mathis*, 571 S.W.2d 186 (Tex. Cr.App.1978). The indictment in the instant case fails to allege a necessary element of the offense. It is therefore defective and requires that the conviction be reversed.

The judgment is reversed and the prosecution under this indictment ordered dismissed.