Ex parte Deborah Lynn **KIMBERLIN**.

No. 61700.

Court of Criminal Appeals of Texas, En Banc.

Feb. 27, 1980.

Paul G. Johnson, Huntsville, for appellant.

Tim Curry, Dist. Atty. and Tom Myers, Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON THE STATE'S MOTION FOR REHEARING

DALLY, Judge.

The panel's prior opinion on original submission is withdrawn. This is a post-conviction application for writ of habeas corpus brought under the provisions of Art. 11.07, V.A.C.C.P.

Petitioner was convicted on February 23, 1979, for the felony offense of credit card

abuse. The punishment assessed is imprisonment for four years.

The petitioner asserts that the indictment under which she was convicted is fundamentally defective because it fails to allege an offense.. The indictment alleges, in pertinent part, that on or about the 28th day of September, 1978, petitioner did:

"THEN AND THERE INTENTIONALLY AND KNOWINGLY, WITH INTENT TO FRAUDULENTLY OBTAIN SERVICE, TO–WIT: AUTOMOBILE RENTAL SERVICE FROM DIANNE KESSLER, PRESENT A MASTER CHARGE CREDIT CARD, WITH THE KNOWLEDGE THAT THE CARD HAD NOT BEEN ISSUED TO HIM THE SAID DEFENDANT, AND THAT SAID CARD WAS NOT USED WITH THE EFFECTIVE CONSENT OF THE CARDHOLDER, CECLIA E. PORIER . . . ."

On original submission the panel granted the petitioner the relief which she sought agreeing with her contention that the indictment failed to allege that when she presented the credit card she had knowledge that she did not have the effective consent of the cardholder. The State, in its motion for rehearing, says that the allegation

"*knowingly* and *intentionally* . . . with *knowledge* that the card had not been issued to him the said defendant and *that said card was not used with the effective consent of the cardholder* . . . ."

is sufficient because the allegation "with knowledge" relates to the allegation that the card had not been issued to the petitioner and also relates to the allegation which followed that the card was not used with the effective consent of the cardholder. We are now of the opinion that the State is correct and so hold.

This Court has been called on recently to review a number of indictments purporting to allege offenses under the credit card abuse statute and many have been found wanting. E. g., *Ex parte Mathis*, 571 S.W.2d 186 (Tex.Cr.App.1978); *Ex parte*

*Walters*, 566 S.W.2d 622 (Tex.Cr.App.1978); *Ex parte Reed*, 574 S.W.2d 161 (Tex.Cr.App. 1978); *Ex parte Dawson*, 578 S.W.2d 749 (Tex.Cr.App.1979); *Guster v. State*, 580 S.W.2d 363 (Tex.Cr.App.1979); *Ex parte Mathis*, 580 S.W.2d 371 (Tex.Cr.App.1979); *Ex parte Seaton*, 580 S.W.2d 593 (Tex.Cr. App.1979). It is difficult to understand why indictments are not more carefully drafted, since an indictment is the foundation for the whole criminal proceeding. While we do hold that the indictment in this instance is sufficient, it is obvious that it could have been more precisely drawn by again inserting the words "with knowledge" in relation to the allegation that "said card was not used with the effective consent of the cardholder." If this had been done it would have eliminated even the arguable contention made by the petitioner.

This indictment may be distinguished from that in *Ex parte Sharpe*, 581 S.W.2d 183 (Tex.Cr.App.1979), which is one of our more recent opinions in which a different result was reached. In that case the indictment, in part, read as follows:

". . . unlawfully with intent to fraudulently obtain property and services present to Pam Rutledge a BankAmericard, credit card owned by Hiram C. Limerick, hereafter styled the Complainant, without the effective consent of the complainant, knowing that the credit card had not been issued to the Defendant . . . ."

We there held that the word "knowingly" alleged in connection with the issuance of the credit card did not relate back to the earlier allegation that the card was presented without the effective consent of the complainant.

The State's Motion for Rehearing is granted and the relief sought is denied.