Debbie GRIFFIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 64140.

Court of Criminal Appeals of Texas,
Panel No. 2.

Oct. 22, 1980.

---

Dick DeGuerin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Joan Fisher & Hays Jenkins, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for credit card abuse. The appellant pled guilty to the offense and her punishment was assessed at three years confinement.

Appellant's sole contention on appeal is that the felony information charging her with the offense is fundamentally defective. The information recites, in pertinent part:

"DEBBIE GRIFFIN ... on or about June 13, 1979, did then and there unlawfully with intent to obtain property and service fraudulently, use a Montgomery Ward credit card owned by LANA PERKINS, hereafter styled the Complainant, knowing the use was without the effective consent of the Complainant, and knowing that the credit card had not been issued to the Defendant."

The appellant contends that the use of the word "owner" in the information, instead of the word "cardholder" constitutes fundamental error. The appellant cites the recent case, *Ex Parte Seaton*, 580 S.W.2d 593 (Tex.Cr.App.1979) as authority. The information in the instant case is distinguishable from the indictment in *Seaton*, for in *Seaton*, the indictment contained no averment whatsoever as to the ownership of the credit card.

In *Johnson v. State*, 541 S.W.2d 619 (Tex. Cr.App.1976), this Court upheld an indictment which read:

"did then and there unlawfully with intent to fraudulently obtain property and services, present to Betty Allbrooks a Texaco credit card owned by Michael D. Savage, hereafter called the complaint, without the effective consent of the complaint, knowing that the credit card had not been issued to the Defendant."

In *Johnson v. State*, supra, the Court, using the word "owner" instead of "cardholder," stated:

"Since the constituent elements of the offense were charged in the terms of the statute, and the owner of the card and the person to whom appellant presented it were named, the indictment gave sufficient notice of the offense with which the appellant was charged."

See indictment in *Prodan v. State*, 574 S.W.2d 100 (Tex.Cr.App.1978). Compare indictment in *Ex Parte Sharpe*, 581 S.W.2d 183 (Tex.Cr.App.1979).

The appellant did not file a motion to quash the information. The sufficiency of the information is challenged for the first time on appeal. We find that the information is not fundamentally defective. The ground of error is overruled.

The judgment is affirmed.