**Forrestal Schoendienst ALLISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 67402.

Court of Criminal Appeals of Texas, Panel No. 2.

July 15, 1981.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

The appellant entered a guilty plea before the court to an indictment charging credit card abuse, a third-degree felony. The punishment was assessed at ten (10) years' imprisonment. The imposition of the sentence was suspended and the defendant was placed on probation subject to certain conditions.

Later the State filed a motion to revoke probation alleging violation of certain conditions of probation. At a hearing conducted on such motion, the appellant entered a

**766**

plea of "true" to the allegations in the revocation motion. The court revoked probation and sentence was imposed. Notice of appeal was given.

On appeal appellant attacks the validity of the original indictment for credit card abuse. As to his right to do so in an appeal from an order revoking probation, see *Daniels v. State*, 573 S.W.2d 21 (Tex.Cr.App. 1978); *Reed v. State*, 586 S.W.2d 870 (Tex. Cr.App. 1979).

Appellant contends the indictment is fundamentally defective because it does not include the necessary elements of the offense, to-wit: that he knew that the credit card was used without the effective consent of the card owner. He cites *Ex parte Mathis*, 571 S.W.2d 186 (Tex.Cr.App. 1978); *Ex parte Walters*, 566 S.W.2d 622 (Tex.Cr. App. 1978).

Omitting the formal parts, the indictment in the instant case alleges the appellant on or about October 12, 1978 "... did unlawfully then and there with intent to fraudulently obtain property and services, namely, one watch, bath towels and rugs and gold lighter from Evelyn Sperry, knowingly and intentionally use and present a Sanger Harris credit card, number 359 5633, *with knowledge* that the card had not been issued to the said defendant, and *that the said card was not used with the effective consent of the cardholder, Lee Robert Collins ....*" (Emphasis supplied.)

The indictment does include the element of the offense appellant claims was missing and is a far cry from the indictments held defective in *Mathis* and *Walters*. The contention is overruled.

The judgment is affirmed.