Larry Earl HARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–81–225–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 7, 1982.

Shirley C. Hunter, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal from a conviction for credit card abuse. After finding that appellant had twice previously been convicted of felonies as alleged in the enhancement paragraphs of the indictment, appellant was initially sentenced by the court to life imprisonment in the Texas Department of Corrections. Then, appellant was granted a new trial only as to punishment after counsel on appeal filed an appellate brief pointing out fundamental error in the indictments used to enhance the punishment to life in prison. The State conceded that said indictments were void and after a hearing before the Judge, appellant was sentenced to a term of eight years confinement in the Texas Department of Corrections. We affirm.

■ Appellant has appealed asserting four points of error. In his first point of error, appellant contends that the indictment is fundamentally defective since it failed to name the person to whom he allegedly presented the credit card. It is true that if the indictment omits an element of the offense, then it is fundamentally defective. *Ex Parte Mathis*, 571 S.W.2d 186 (Tex.Cr.App.1978). The elements of credit card abuse under Tex.Penal Code Ann. § 32.31(b)(1)(A) (Vernon 1974) as stated by the Texas Court of Criminal Appeals are:

(1) a person

(2) with intent to obtain property or service fraudulently

(3) presents or uses

(4) a credit card

(5) with knowledge that it has not been issued to him and

(6) with knowledge that it is not used with the effective consent of the cardholder.

*Ex Parte Walters*, 566 S.W.2d 622 (Tex. Crim.App.1978); *Ex Parte Dawson*, 578 S.W.2d 749 (Tex.Crim.App.1979). There is no stated requirement in such cases that the State name the person to whom the credit card was presented as a necessary element of the indictment. The indictment here states that appellant unlawfully "used" the credit card and no motion to quash the indictment was timely filed. The failure to name the person to whom the credit card was presented is not fundamental error which can be first raised on appeal, *Stribling v. State*, 542 S.W.2d 418 (Tex.Cr.App. 1976). Therefore, we find appellant's argument to be without merit.

■ Appellant also argues that the indictment is fundamentally defective for failure to allege a culpable mental state. Appellant says that the indictment reads in pertinent part, "knowing the use was without the effective consent of the Complainant" when Art. 32.31(b)(1)(A) requires that the indictment state, "with knowledge that it is not used with the effective consent of the card holder." The quoted portion of the indictment follows the words ". . . use an American Express credit card owned by Randy C. Gillum, herein after styled the Complainant." A careful reading of the two compared phrases, particularly in context, reveals no real differences as to content. Therefore, we find that the State's indictment properly alleged the required culpable mental state and appellant's first point of error is overruled.

Appellant's second point of error alleges that the indictments used to enhance appellant's sentence to life in the Texas Department of Corrections were fundamentally defective under § 32.31(b). In this contention the appellant is correct. Prior to this appeal, the State acknowledged that said indictments were fundamentally defective and a new trial was granted on the issue of punishment. Therefore, appellant's second point of error has been rendered moot.

In his third point of error, appellant complains that he had ineffective assistance of counsel. Appellant failed to cite any case authority for his position. Appellant bases this claim upon two facts: (1) that his attorney at trial did not give him the opportunity to elect whether punishment would be assessed by the court or by the jury, and (2) his attorney at trial failed to check and discover that the indictments used to enhance his punishment to life were defective. Any claim of ineffective assistance of counsel must be determined upon the facts of each individual case. *Ex Parte Prior*, 540 S.W.2d 723 (Tex.Cr.App.1976). The accused in a criminal proceeding is entitled to the effective assistance of counsel, which the Texas Court of Criminal Appeals has held to mean "reasonably effective assistance." *Taylor v. State*, 610 S.W.2d 471 (Tex.Cr. App.1980). This does not mean "errorless counsel," or counsel judged by hindsight, but counsel whose service is gauged by the totality of the representation afforded. *Taylor v. State, supra*. Here, appellant asserts that if his attorney had checked the indictments used to enhance his punishment and informed him that they were defective, he would have elected to be sentenced by a jury rather than by the court. However, the decision as to who assesses the punishment in any criminal case is a matter of trial strategy. Admittedly, appellant's trial

counsel should have checked the indictments as to appellant's prior convictions, however, we have nothing but appellant's own conclusion based on hindsight as to what he would have done if the defective indictments had been discovered earlier. Also, there is nothing in the record to show that appellant was in any manner harmed by the fact that he was sentenced by the Judge rather than by a jury.

The adequacy of an attorney's services must be gauged by the totality of the representation. *Williams v. State*, 513 S.W.2d 54 (Tex.Cr.App.1974). A review of the record shows that appellant's trial counsel filed various motions for the benefit of his client, conducted extensive cross-examination of the State's witnesses, and competently presented his client's defense. The record also shows numerous instances where appellant's counsel objected during the presentation of the State's evidence and had such objection sustained by the court. Although appellant's trial counsel was not "errorless," his mistake in overlooking errors in prior indictments, the result of which was later corrected, when viewed in light of the total representation, did not amount to ineffective assistance of counsel. Therefore, appellant's third point of error is overruled.

Appellant's fourth ground of error contends that the State's attorney violated Tex.Code Crim.Pro.Ann. Art. 40.08 (Vernon 1979) by mentioning appellant's prior convictions when conducting cross-examination and in closing arguments. Art. 40.08 states:

> The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument.

The attorney for the State, while cross-examining appellant's mother (a character witness) during the new trial on punishment, and in his closing arguments, brought out and commented upon appellant's prior convictions for credit card abuse. These convictions were shown in the record and were held void by this same trial court. This punishment phase of the trial was again before the same court and the Judge's sentence of eight years was within the permissible range of punishment for credit card abuse as a third degree felony. Although the State's question and arguments regarding the prior convictions were improper, they brought out nothing new and the trial court is presumed to have disregarded any inadmissible evidence when determining punishment. *Moton v. State*, 540 S.W.2d 715 (Tex.Cr.App.1976); *Branch v. State*, 465 S.W.2d 160 (Tex.Cr.App.1971). Appellant's fourth point of error is overruled and the judgment of the trial court is affirmed.