**Ted R. SHANNON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 81 044 CR.**

Court of Appeals of Texas,
Beaumont.

Feb. 24, 1982.

Rehearing Denied April 14, 1982.

Discretionary Review Refused
June 30, 1982.

Charles Carver, Port Arthur, for appellant.

John R. DeWitt, Asst. Criminal .Dist. Atty., Beaumont, for appellee.

## OPINION

KEITH, Justice.

Appellant was indicted for credit card abuse, and the indictment contained an enhancement paragraph. The jury having found him to be guilty and that he had been convicted of the prior offense, fixed his punishment at confinement for ten years.

The indictment under *V.T.C.A., Penal Code, Sec. 32.31(b)(1)(A)*, charged that appellant

"... did then and there with intent to fraudulently obtain gasoline from Beverly Ferguson, use a Conoco credit card knowing the use was without the effective consent of the cardholder, Royce C. Rhodes, and knowing that the credit card had not been issued to the Defendant."

The card in question was stolen from the vehicle of Betty Rhodes on January 16, 1980. During the morning hours of January 17, 1980, appellant drove his automobile to a gasoline pump on the outside of a Sak-N-Pak convenience store in Beaumont. He went inside, picked up several cans of transmission fluid, and presented the credit card to the attendant, Donald Warner.

Warner handed the card to the assistant manager of the store, Beverly Ferguson, who recognized it as one reported as having been stolen. She notified the police and gave the officers the license identification of appellant's car. Appellant tried to regain possession of the card; but, when unsuccessful, drove away. He was apprehended some time thereafter. Warner did not testify.

Appellant testified that he was given the card by an acquaintance by the name of Greg Genne; that he did not know the card was stolen; and, that he sought only to purchase transmission fluid, not gasoline.

█ Appellant challenges the sufficiency of the evidence on the ground that the State's proof failed to sustain the descriptive averments contained in the indictment. The challenge has merit.

Ms. Ferguson was "doing paper work" when appellant entered the store but was within about three feet of where appellant was doing business with Warner. On cross-examination of Ms. Ferguson, this testimony was presented:

"Q. Did you hear the individual [appellant] tell Donald [Warner] that he wanted gasoline or did Donald come and tell you that's what the individual wanted?

"A. I don't believe I heard him say that he wanted gasoline. I believe Donald told me that he did.

"Q. What about oil? Did the individual set the oil cans on the counter?

"A. Yes, he did.

"Q. You could see it, I take it?

"A. Yes.

\*　　\*　　\*　　\*　　\*　　\*

"Q. Now, as far as hearing the individual say he wanted gasoline, though, you did not hear that yourself?

"A. No, I didn't, or I don't remember hearing that."

Upon appellant's motion, the court ordered the testimony relating to the attempted purchase of gasoline stricken because it was hearsay.

There was no other direct evidence relating to the purchase of gasoline by appellant at the time the card was presented. However, State's counsel did establish that appellant's car was seen parked "in the position [on the premises] that people park in when they get gas" rather than where the non-gas buying customers normally park.

The statute involved, *Penal Code, § 32.31(b)(1)*, provides that a person commits an offense if:

"(1) with intent to obtain *property or service* fraudulently, he *presents or uses* a credit card with knowledge ...." (emphasis ours)

The indictment charged a violation of the statute by the use, not simply the presentation, of the credit card.

In *Baker v. State*, 593 S.W.2d 719, 720 (Tex.Cr.App.1980), the Court wrote:

"[T]he essential elements of credit card abuse under Sec. 32.31(b)(1)(A) are (1) a

person; (2) with intent to obtain property or services fraudulently; (3) presents or uses; (4) a credit card; (5) with knowledge that it has not been issued to him; and (6) with knowledge that it has not been used with the effective consent of the card holder."

See also, *Ex parte Kimberlin*, 594 S.W.2d 438, 439 (Tex.Cr.App.1980).

Obviously, all of the essential elements of the offense set out in *Baker v. State*, supra, were shown. However, the State undertook in the indictment to prove use of the credit card in an attempt to obtain property which was described as gasoline. It proved the use of the card in an attempt to obtain property which the evidence showed to be transmission fluid, not gasoline.

The proper test for determining which allegations must be proved was stated in *Cohen v. State*, 479 S.W.2d 950, 951 (Tex.Cr. App.1972), quoting from *1 BRANCH'S ANN.P.C., Sec. 518, at 498 (2d Ed. 1956)*:

" 'When a person, place or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of description must be proved and cannot be rejected as surplusage for they are thus made essential to the identity.' " (citations omitted)

And, the corollary to this rule is also stated in the following paragraph taken from *Cohen v. State*, supra:

"Where the allegation is not a necessary part of the pleading, the particularity of description is surplusage and need not be proved. *Malazzo v. State*, 165 Tex.Cr.R. 441, 308 S.W.2d 29 (1957)."

It was not charged that appellant sought to obtain service by the fraudulent use of the card and the word property was not mentioned in the indictment. Instead, the pleader substituted the word "gasoline" for "property". Consequently, the description of the property sought to be obtained was required to have been proved as alleged, and the particularity of the description of the property may not be disregarded as surplusage.* *Cohen v. State*, supra.

In effect, State's counsel concedes that the direct evidence was insufficient to support the conviction but argues that there was circumstantial evidence which showed that appellant's car was parked where customers of the store normally parked when purchasing gasoline. We concede that Ms. Ferguson so testified, but when the State seeks to prove the necessary ingredient of the offense by extrapolation, it fails in several respects.

*First*, there is no showing that appellant parked the car in front of the gasoline pumps; and, *second*, no attempt was made to show that appellant had any knowledge of the custom of others in so parking their vehicles in the area of the convenience store.

We are not persuaded by the argument by State's counsel that Ms. Ferguson's testimony that "she had not seen occasions where people parked by the pump and bought other things but did not purchase gas" supports a verdict finding that appellant used a credit card to obtain gasoline on the occasion in question.

■ We are also reminded of our obligation to review the evidence on appeal in the light most favorable to the verdict. *Chase v. State*, 573 S.W.2d 247, 249, fn. 1 (Tex.Cr. App.1978). We acknowledge the validity of the rule; but, in reviewing a case based upon circumstantial evidence—which is the present posture of this case—we do so under the rule which was restated in *Indo v. State*, 502 S.W.2d 166, 168 (Tex.Cr.App. 1973):

"This court has long adhered to the rule that a conviction on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused, and proof amounting to only a strong suspicion or merely probability is insufficient."

---

\* We are not called upon to determine in this case whether the particularity of the description used in the indictment was legally essential to the validity of the indictment. See and cf. *Smallwood v. State*, 607 S.W.2d 911, 912 (Tex.Cr.App.1979).

We have nothing more than strong suspicions to support the finding of guilt; manifestly, such circumstantial evidence is insufficient to sustain the verdict.

Ground of error number one, complaining that the evidence was insufficient to sustain the conviction because the "State's proof failed to sustain descriptive averments made in the indictment" is sustained.

In view of our disposition of the first complaint, we do not reach appellant's other contentions. For the error pointed out, the judgment is reversed and the cause is remanded for entry of a judgment of acquittal. *Burks v. U. S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Robinson v. State*, 570 S.W.2d 906, 910 (Tex.Cr.App.1978).

Reversed and Remanded with instructions.