**Ex parte Claude Oliver WHITE.**

**No. 69053.**

Court of Criminal Appeals of Texas,
En Banc.

Jan. 26, 1983.

Claude Oliver White, pro se.

Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is a postconviction habeas corpus proceeding pursuant to Article 11.07, V.A.C.C.P. The attack is upon a January 13, 1976 conviction in Harris Court for credit card abuse, allegedly used for enhancement in a subsequent conviction by a district court in Potter County.

Applicant contends the indictment purporting to allege an offense of credit card abuse is fatally defective. In pertinent part those allegations are that on a given date in Harris County applicant did:

"with intent to fraudulently obtain property and services, present ... a Gulf Oil Company credit card ... without the effective consent of the Complainant, *knowing that* the credit card had not been issued to the Defendant ..."[1]

V.T.C.A. Penal Code, § 32.31 is the applicable statute. Under its § (b)(1)(A) a person commits an offense if:

"(1) with intent to obtain property or service fraudulently, he presents ... a credit card *with knowledge that:*

(A) the card ... has not been issued to him *and* is not used with the effective consent of the cardholder ..."[2]

While the indictment alleges that applicant presented the card knowing that it had not been issued to him, it does not allege that he did so with *knowledge* that it was being used without the effective consent of the complainant. Thus, the essential element of knowledge was not applied to *both* matters. An identical indictment, except for names, was held fundamentally defective by this Court in *Ex parte Sharpe,* 581 S.W.2d 183 (Tex.Cr.App.1979), granting relief by ordering dismissal of prosecution under the faulty indictment. Accord: *Baker v. State,* 593 S.W.2d 719 (Tex.Cr.App. 1980).[3]

Therefore, habeas corpus relief is granted, and the judgment of conviction in Cause No. 238,871 in the 209th Judicial District Court of Harris County is vacated and the prosecution under that indictment dismissed.[4]

It is so ordered.

TEAGUE, J., not participating.

---

1. All emphasis is added throughout by the writer of this opinion unless otherwise indicated.

2. For the significance of alleging "cardholder" rather than "owner," see *Jones v. State,* 611 S.W.2d 87, 89 (Tex.Cr.App.1981). Contra: *Griffin v. State,* 606 S.W.2d 901, 902 (Tex.Cr. App.1980). Note, however, that the aspect of *Johnson v. State,* 541 S.W.2d 619 (Tex.Cr.App. 1976), on which *Griffin v. State,* supra, relied was overruled as was *Griffin* itself by *Jones v. State,* supra, at 90.

3. On the other hand an indictment for an offense of credit card abuse drawn under the same statute was held to be correct and valid when the term "with knowledge" preceded and related to the dual allegations of paragraph (A): that the card had not been issued to the accused *and* was not used with the effective consent of the cardholder. *Ex parte Kimberlin,* 594 S.W.2d 438 (Tex.Cr.App.1980).

4. We are not confronted with a question of relief with respect to the Potter County conviction for applicant prays for no more than what has been granted, "so that he may move to have the enhancement procedure of his present conviction set aside ..."