**Wayne Craig KNIGHTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0057–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 8, 1984.

Alison Snyder, Houston, for appellant.
Calvin Hartmann, Houston, for appellee.

Before DOYLE and WARREN, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from a conviction for the offense of exhibiting obscene materials, consisting of two motion picture films entitled "Fantasy" and "More Than Sisters." The jury assessed punishment at a fine of $1,500, probated for one year.

On July 29, 1981, police officers Terral and Bollier went to the Art Cinema Theater, purchased two $6.00 tickets from someone other than appellant, and entered the theater. While viewing the movies, "Fantasy" and "More Than Sisters", the officers talked into a tape recorder describing the films. Officer Terral then prepared a report from the recording and drafted a search warrant which was signed by Judge Jimmie Duncan on August 3. On the night of August 3, Officers Terral, Brown, and Elder went to the Art Cinema Theater. Each purchased a ticket from appellant, entered the theater, viewed part of the movie "Fantasy" and all of the movie "More Than Sisters." Officer Terral described the ticket booth as being about "three steps" from the projection booth with only an old entrance way separating the areas. After viewing the films the officers went to their car, got the search warrant and the arrest warrant and presented them to appellant who read the warrants, gave the officers four reels of film of the two movies and locked the theater. The officers then took appellant and the films to the police station.

On first consideration of this case (*Knighton v. State*, Unpublished opinion, Cause No. 01–82–0057 delivered April 14, 1983), this court reversed and remanded appellant's conviction on the grounds that the trial court erred in failing to instruct the jury on the definition of the term "prurient interest." The Court of Criminal Appeals (*Knighton v. State*, Unpublished opinion No. 492–83, delivered July 20, 1983), held that this court erred in reversing appellant's conviction for the trial court's failure to instruct the jury on the definition of "prurient interest", and remanded the case for a consideration of appellant's remaining grounds of error.

■ Of appellant's twenty-six remaining grounds of error, ground twenty-one is the most crucial, because it involves the sufficiency of the evidence used to convict appellant.

We do not need to concern ourselves with the constitutionality of § 43.23(e) of V.T.C.A., Penal Code, because appellant's ground challenging the insufficiency of the evidence requires that we reverse the judgment.

In a very similar case, *Skinner v. State*, 652 S.W.2d 773 (Tex.Cr.App.1983), the court reversed the conviction of a young woman who was a cashier in a movie theater which showed sexually explicit movies. The court stated that it was unnecessary to address the validity of the legal presumption in § 43.23(e) because the only relevant question was "... after viewing the evidence in the light most favorable to the

prosecution [whether] any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 776. *See also, Hall v. State*, 661 S.W.2d 101 (Tex.Crim.App.1983).

The court also found in *Skinner, supra,* that the defendant's act of selling the movie theater tickets was not sufficient evidence to sustain the conviction in absence of other evidence that she had managerial responsibilities in the operation of the theater, was responsible for the operation of the movie projector, or the selection of films at the theater, or that she had any financial interest in the theater. Furthermore, the defendant testified that she had not seen the seized film although she was aware of the character of the films shown at the theatre. *Id.* at 775. Under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), these facts were held not sufficient to convict the defendant of the intentional exhibition of obscene material.

Similarly, in *Acevedo v. State*, 633 S.W.2d 856 (Tex.Cr.App.1982), the court reversed the conviction of a movie theatre employee who was not observed doing anything more than standing in the doorway of the projection room. The court examined the legislative history of Texas obscenity statutes, former Art. 527, V.A.P.C. (1925) and V.T.C.A. Penal Code § 43.23(a)(1) and found that the legislative intent was to impose penal sanctions on those whose "financial responsibility for the enterprise dictate that they bear the brunt of criminal responsibility." *Id.* at 859.

In the instant case, when Officer Terral entered the theater, appellant, who was behind the ticket counter, sold the officer a ticket. Officer Terral testified that he believed appellant was the only employee on the premises, that he saw only appellant near the projection booth, and that although he thought appellant started the projector after an intervention in the film, he actually only observed appellant behind the ticket counter, and once walking into the auditorium. After viewing part of "Fantasy" and all of "More Than Sisters",

the officers approached appellant, who was still behind the ticket counter, presented him with the search warrant and asked him to take the films off the projector. The appellant did so, locked up the theater, and was arrested pursuant to § 43.23(e).

The only evidence submitted by the State, during its case-in-chief, that appellant saw the films or *knew* their obscene content and character was Officer Terral's testimony that near the end of "More Than Sisters", appellant walked down an aisle in the auditorium to go into a bathroom. Moreover, there was no direct evidence during the guilt/innocence phase that appellant had a financial interest in the films, selected the films, or managed the theater.

At best, there is only circumstantial evidence that the appellant "exhibited" the films to the officers, who reached this conclusion because he was allegedly the only employee present; he appeared to have exclusive control of the theater; and logically, someone had to run the projector.

Although the jury was entitled to consider this circumstantial evidence in determining appellant's guilt, it was not authorized to *presume*, appellant's knowledge of the content and character of the films solely on the basis of such evidence. *Davis v. State*, 658 S.W.2d 572 (Tex.Cr.App.1983). The State was required to prove more than appellant's "exhibition" of the films, particularly when the record shows that appellant did not maintain a strict vigilance over the projector's sight and sound. In fact, appellant was observed selling tickets, and going to the bathroom, *during* the exhibition of the feature films. From the above facts, alone, it is not clear beyond a reasonable doubt that appellant saw the seized films or knew their "obscene content and character" as required by *Davis, supra.*

The record reflects that the State's case was based on the circumstantial evidence that appellant exhibited the film, and the statutory presumption of his knowledge of the film's contents in order to prove appellant's "knowledge." The State's reliance on the presumption becomes readily appar-

ent during the State's closing argument. The prosecutor stated:

> The presumption is that a person who promotes, which includes exhibiting— promotes, when it is defined, it includes exhibiting—"A person who promotes obscene material or possesses the same with intent to promote it in the course of his business is presumed to do so with knowledge of its content and character." We know this was in the course of his business, because he has the keys to the place. He locked it up. He closed it. He was selling tickets. He was running the projector. *These people are presumed to know the content and the character of the material, so if there is any question about whether he saw the film, it is not necessary, because you can rely upon the presumption which is stated here in the Charge.* (Emphasis added)

Thus, appellant's guilty "knowledge" of the character and content of the film, was "supplied through the statutory presumption", by the mere fact that he allegedly "exhibited" the films to Officer Terral. Because the presumption has been held unconstitutional and invalid, the proof was insufficient to establish appellant's knowledge of the films' obscene content and character, we sustain grounds of error twenty-one and twenty-three.

■ In the sixth ground of error, appellant contends that the trial court erroneously charged the jury as to the patent offensiveness of the alleged "representation of actual or simulated acts of oral sodomy and sexual intercourse," thereby assuming and instructing the jury as to a requisite element of the offense.

This issue is thoroughly discussed in *Andrews v. State*, 652 S.W.2d 370 (Tex.Cr. App.1983). Although the Court of Criminal Appeals reversed this court's decision concerning the failure of the trial court to define the term "prurient interest", it affirmed this court's holding regarding the improper instruction in the application paragraph.

In *Andrews*, the trial court gave the jury the following instruction in the application paragraph of the charge:

> Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, William Andrews, in Harris County, Texas, on or about the 7th day of August, 1980, did, knowing the content and character of the material, intentionally sell to O.W. Farrell *obscene material namely one magazine entitled "Swedish Erotica No. 25" which depicts simulated sexual intercourse, and intercourse and oral sodomy, then you will find the defendant guilty of the alleged offense.*
>
> If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty. *Id.* at 374. (Emphasis added)

The Court of Criminal Appeals found that because the State had to prove the element of "patent offensiveness" beyond a reasonable doubt in order to convict appellant, the inclusion of this element as a fact in the charge assumed a disputed fact and constituted error. The Court stated that the application paragraph, as written:

> ... eliminated from the State's burden a key element of the offense it had to prove before a valid conviction could occur; that is, whether the magazine depicted and described patently offensive representations of actual or simulated sexual intercourse, anal intercourse, and oral sodomy. *Id.*

Since the trial court failed to properly instruct the jury on the law, the "jury could not perform its function of being the exclusive judge of the facts." *Id.* *See also Jones v. State*, 611 S.W.2d 87 (Tex.Cr.App. 1981); *Ex parte Kimberlin*, 594 S.W.2d 438 (Tex.Cr.App.1980).

Similarly, the trial court in the instant case failed to properly instruct the jury in the application paragraph of the charge, which read as follows:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 3rd day of August, 1981, in Harris County, Texas, the defendant Wayne

Craig Knighton, did unlawfully and knowing the character and content of the material, intentionally exhibit to G.L. Terral *obscene material namely, a film entitled "Fantasy" which contained patently offensive representations of actual or simulated acts of oral sodomy and sexual intercourse,* then you will find the defendant guilty as charged. (Emphasis added)

Under *Andrews,* this charge erroneously assumed a material disputed fact. Therefore, appellant's objection to the court's charge should have been sustained.

The failure of the trial court to sustain appellant's objection to the charge resulted in reversible error because the State was thereby relieved of the burden of establishing the requisite obscene nature or patent offensiveness of the films. Undoubtedly, the charge was calculated to injure the rights of appellant, because it substantially and improperly eased the State's burden of proof by enabling the State to avoid proving a requisite element of the offense. *Evans v. State,* 623 S.W.2d 924, 929 (Tex.Cr. App.1981); *Boles v. State,* 598 S.W.2d 274, 278 (Tex.Cr.App.1980). Appellant's sixth ground of error is sustained.

A discussion of appellant's remaining grounds of error is not necessary to our disposition of this case.

The judgment of the trial court is reversed and the cause is remanded to the trial court to enter a judgment of acquittal.