RAYMOND BILLUPS v. THE STATE.

No. 14957. Delivered February 24, 1932.

*Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; penalty assessed at confinement in the penitentiary for two years.

The store of Thad Ray was burglarized and an automatic shotgun stolen therefrom. About a year later the shotgun was obtained by Mill, the city marshal, from one Gibson.

The following in substance, is the testimony of Gibson: He got the gun from Billups soon after the burglary. Billups came to the home of Gibson on a Sunday morning and said he had a gun that he wanted to

let Gibson have. Gibson advanced Billups $10 and took the gun as collateral security for the loan. On cross-examination the witness said: "As to whether I said this morning that I bought the gun for $15.00, I will say, No, I just give $10.00 for it. I wasn't giving $15.00, for it and just paying $10.00 down on it. * * * He wanted $15.00, but I let him have $10.00. It wasn't pawned. I just bought it. * * * I had it 10 or 11 months before anybody came to me about it. Ed Rideway was the first one that came to me and ask me if I had it. He asked me if I had it and if I got it from Raymond Billups. I told him that I didn't have any gun that came from Raymond Billups. I told him I had one but I didn't know if it was that one or not. Then he told me I had better let him have it or make away with it. * * * It was the next day or two that Mr. Mills came hunting the gun. * * * The reason I told Ed Rideway I didn't have any gun that come from Billups, I just told him the first thing that come to my mind. * * * I figured it was none of his business. When he told me I had better let him have it or destroy it, I don't know what came to my mind. When he told me that, it came to my mind that it was a stolen gun. As to whether I knew it was stolen or not, I will say, no, sir; I couldn't swear it was stolen. * * * I know I got it from Raymond Billups. I did not think it was any of Rideway's business. I didn't want him to find out anything about the gun. I didn't know it was a stolen gun. I concluded it was after talking to Rideway. I could not say especially whether I didn't want anybody to know about it or not. Anyone whose business it was, I wanted them to know about it."

The witness indicated that he did not want to tell anybody who was meddling about his business. He said further: "I thought Rideway was meddling when he said I had better hide the gun. I didn't hide it, and I didn't show it to anyone. I didn't tell anyone I had it. I didn't try to find out whom it belonged to. * * * The gun was worth more than ten dollars. I didn't talk to anyone about it. I believed that something was wrong after I talked to Ed Rideway, but I didn't try to find out who the gun belonged to."

There was testimony that Gibson had stated that he had bought the gun for $15 and had paid $10 down.

Whether the witness Gibson should be classified as an accomplice witness is regarded as a question for the jury to solve. His possession of the stolen property is conceded. It also appears from his testimony that he received the property directly from the thief, and that he had advanced and agreed to advance upon it an amount less than its value. He did not disclose his possession of the property or the source from which he acquired it for many months after its acquisition. When inquiry was first made as to his possession of the property, he disclaimed knowledge of it. When he received information which he regarded as showing that

the property was stolen, he still retained it. Of course, if he was ignorant of the fact that the property was stolen, he would not be an accomplice witness. See Robbins v. State, 33 Texas Crim. Rep., 573, 28 S. W., 473, and other cases cited by Mr. Branch in his Ann. Tex. P. C., page 361, sec. 702. If, however, he claimed ownership of it with knowledge that it was stolen, he would be an accomplice witness. See Irvin v. State, 1 Texas App, 301, 303, and other cases cited by Mr. Branch in section 702, supra.

In appropriate language the sufficiency of the charge of the court was challenged because of the omission of an instruction to the jury on accomplice testimony as applied to the witness Gibson. In refusing it, the learned trial judge, in our opinion, was in error. The importance of Gibson's testimony cannot be questioned. It was essential to the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*