Frank Lesley **SIRABELLA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46707.

Court of Criminal Appeals of Texas.

April 11, 1973.

Dewey F. Meadows, Bennett Stokes, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, Ned Morris, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from an order revoking probation.

On November 26, 1971, the appellant waived trial by jury, entered a plea of guilty before the court to an indictment charging him with theft of property of the value of over $50.00, and was adjudged guilty of said offense. His punishment was assessed at five years; the sentence was suspended, and appellant was placed on probation. Among the conditions of probation was the requirement that appellant commit no offense against the laws of this or any other State or the United States.

On March 28, 1972, the State filed a motion to revoke probation alleging that appellant had violated the foregoing condition by committing the offense of felony theft in Harris County on or about December 20, 1971. At the conclusion of the

hearing on this motion on May 5, 1972, the court announced its finding that appellant had committed the offense of felony theft as alleged in the State's motion and, on the basis of such finding, revoked probation and sentenced appellant to a term of not less than two nor more than five years.

It is the contention of appellant that "the trial court abused its discretion in revoking probation for the reason that the admissible evidence presented was not sufficient to show that the defendant had committed an offense."

Appellant, in his brief, agrees that "the undisputed testimony shows that a Dodge Charger automobile was stolen in Houston, Texas, on December 20, 1971. The appellant was arrested in Weslaco, Texas, on December 28, 1971, while he was near the stolen Dodge Charger."

The record reflects that a blue and white Dodge Charger automobile valued at over $50.00 was stolen from Jack Castlen, in Houston, on December 20, 1971. He received it back from the Weslaco Police Department about a month later. The car, when recovered, was badly damaged, and the license plates had been removed.

Officer Caceres, of the Weslaco police force, testified that on the morning of December 28, 1971, he received information from a narcotics informer with reference to "three subjects" who had come from Houston to commit some drug store burglaries in a blue and white Dodge Charger. The officer was told where the car would be located. The information included the fact that appellant was the driver of the car. Caceres found the car parked on a city street in Weslaco and made a check on the license plates. He learned that the plates belonged to a 1962 Ford.

Caceres kept the Dodge under surveillance and saw appellant approach the car with some tools in his hand. Appellant opened the hood and started working on the motor. The officer then crossed over to the car and asked appellant if the car

was his. Appellant answered, "Yes, this is mine." Upon being asked about the damage to the car, appellant answered, "Well, I had an accident yesterday." Caceres got the identification number of the Dodge, and had the dispatcher run a stolen car check. Within a very short while, he received the report that the car belonged to Jack Castlen of Houston, and that it had been stolen in Houston. Caceres then placed appellant under arrest. There was no objection made to any of this testimony.

Appellant took the stand and explained his presence near the car by saying that he had started hitchhiking from Houston to go to Brownsville and was picked up just outside of Houston by one Ray Harris in the Dodge Charger. They rode together to Weslaco, where the car had some motor trouble. The next day, he was just leaning against the car, looking for Harris, when he was arrested for car theft. He denied stealing the car and denied stating to Officer Caceres that he owned the car. He said he told the officer it was not his car, and that he was hitchhiking.

■ Appellant contends before this Court that the evidence of Officer Caceres that appellant claimed ownership of the car was inadmissible as being in violation of the Miranda rules. He claims that the circumstances established that he was in custody when the officer inquired concerning the car. The officer's testimony shows the contrary; he did not arrest appellant until after appellant claimed to own the car and after he (Caceres) had learned that it was a stolen car. Furthermore, all of that testimony was given without objection.

Appellant also complains that the trial court relied on hearsay evidence in finding that he had stolen the car. He particularly cites the testimony of the information given the officer by the informer, and the report the officer had received about the license plates. He relies on Payne v. State, Tex.Cr.App., 480 S.W.2d 732, which holds that information given police by a confidential informer is hearsay and has no

probative value in determining the sufficiency of the evidence.

However, omitting entirely from consideration the testimony which appellant claims to be hearsay, we have remaining abundant evidence to support the trial court's judgment. It was shown by evidence that the car in which appellant rode from Houston to Weslaco and over which he was exercising acts of custody and control when he was arrested was the Dodge Charger which had been stolen from Castlen in Houston. According to Officer Caceres, appellant had opened the hood of the car and was working under it. When interrogated by the officer, appellant claimed to be the car's owner and that he had an accident "yesterday" in explaining the condition of the car. Appellant's explanation at the trial that he had hitchhiked from Houston, and his denial that he had made the claim of ownership, created a fact issue that was decided adversely to appellant by the court.

The unexplained possession of recently stolen property is sufficient to support a conviction. English v. State, Tex.Cr.App., 441 S.W.2d 195. It is the explanation made at the time accused is found in possession of the stolen property that controls and not the explanation made at the time of trial. Bowers v. State, Tex.Cr.App., 414 S.W.2d 929. Where the accused's explanation to the officer that the car belonged to him, which he denied making at the trial, was shown to be false, his explanation at the time of trial is not controlling. Morgan v. State, Tex.Cr.App., 435 S.W.2d 862; Bryant v. State, Tex.Cr. App., 397 S.W.2d 445.

We find that the admissible, competent evidence supports the judgment, and that the trial court did not abuse his discretion in revoking the probation.

Judgment affirmed.

Opinion approved by the Court.