**Willie Gene JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46710.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Rehearing Denied Jan. 9, 1974.

Harold P. Brown, Jr., Lubbock, for appellant.

Alton R. Griffin, Jr., Dist. Atty., and Pat Campbell, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

The appellant was indicted for the offense of burglary with intent to commit theft. A jury found him guilty as charged and assessed his punishment at eight (8) years.

Appellant's first ground of error complains of the trial court's failure to submit the fact issue of whether Bob Robertson, a State's witness, was an accomplice witness.

The record reflects that the home of Lois Long, north of Slaton in Lubbock County, was broken into and entered while she was in Houston between October 8 and October 13, 1971, and that two television sets, a radio and jewelry and other personal items worth $400 or more were taken from the house.

Miss Long testified that she did not know the appellant and had not given him or anyone else permission to break and enter her house.

On October 9, 1971, the appellant appeared at the Crawford Chevrolet Company in Slaton and let it be known he desired to acquire a used car. Bob Robertson, a salesman, assisted him. When the appellant indicated he wanted to "trade in" a television set on the automobile, Robertson asked to see it and appellant said he would have to go home and get it. Robertson had been instructed in a sales meeting the day before to accept such trade-ins. The appellant returned in an hour or so with a 21 inch color television console and Robertson got the sales manager to look at it and the appellant was then offered $288 for the set as a trade-in on a 1959 Chrysler. An agreement was reached and appellant left with the automobile.

Robertson testified he had not met the appellant previously, but subsequently observed him working in the service department of the Chevrolet Company, and still later learned that he had been employed there on previous occasions.

Investigation by peace officers led to the recovery of the television set at the home of a customer of the Crawford Chevrolet Company who had either purchased or borrowed the set from the company. In this respect the record is not clear. Crawford, the owner of the company, assisted the officers in the recovery of the set. Miss Long identified the set in the Sheriff's office by serial number and appearance as one of the television sets taken from her home.

There is no contention that Robertson was an accomplice witness as a matter of law, but appellant does argue that the fact issue of whether he was an accomplice wit-

ness should have been submitted to the jury for determination.

Appellant argues that Robertson might have known or should have known the television set was stolen, and this would be sufficient to support a jury determination that he was an accomplice witness. Attention is called to that portion of the record where Robertson testified that when the appellant returned with the television set, he was in company of two younger boys. When asked if he heard them talking, Robertson replied,

> "A. Oh, they were arguing back and forth. In fact, Willie got them outside of the showroom, something about, 'When am I going to get my split?', I don't know, some kind of words like that. I wasn't paying a whole bunch of attention but I do remember that."

Appellant principally relies upon Billups v. State, 119 Tex.Cr.R. 57, 46 S.W.2d 973 (1932). In *Billups* it was shown that the witness in question had (1) received the stolen property directly from the thief; (2) had advanced and agreed to advance upon it an amount less than its value; (3) did not disclose his possession of the property or its source for months after its acquisition; (4) when inquiry was first made as to his possession, he disclaimed knowledge of it; (5) when he received information which he regarded as showing the property was stolen, he still retained it.

■ *Billups* does not control the decision here as the witness Robertson was not shown to have personally received or had possession of the stolen television set; at most the evidence shows a constructive receipt and possession for the benefit of his employer. The value allowed for the set in the trade-in is not shown to be less than true value. The witness is not shown to have failed to promptly disclose possession of the set or the source from which it was acquired. There is no proof the witness disclaimed knowledge of the stolen property at any time or that he personally or constructively retained possession after he received information that it was stolen. The statement overheard, quoted above, was not related by the speaker to the stolen television set or to any particular event or occurrence. The statement in isolation, as shown by the record, did not tend to prove the set was stolen. The evidence in its entirety does not raise the issue of accomplice witness.

■ An accomplice witness means a person who either as a principal, accomplice, or accessory, was connected with the crime by unlawful act or omission on his part, transpiring either before, at the time of, or after the commission of the offense, and whether or not he was present and participated in the crime. Carnathan v. State, 478 S.W.2d 490 (Tex.Cr.App.1972). See also Article 38.14, Vernon's Ann.C.C. P., note #2.

Appellant's first ground of error is overruled.

Appellant's second ground of error, that the evidence was insufficient to corroborate the testimony of the accomplice witness Robertson, must likewise be overruled. Since there is no evidence raising the issue of Robertson being an accomplice witness, there is no necessity to apply the provisions of Article 38.14, Vernon's Ann.C.C.P. Further, it should be observed that appellant's fingerprints were found on a picture that had been on the television set in question when Miss Long left for Houston and which was on a loveseat when she returned home and found her house had been burglarized.

Appellant's second ground of error is overruled.

The judgment is affirmed.