**L. D. PRODAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55016.**

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 6, 1978.

---

Donald W. Rogers, Jr., Houston, court appointed on appeal, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Larry P. Urquhart, Asst. Dist. Attys., Houston, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction of credit card abuse under V.T.C.A., Penal Code, Section 32.31(b)(4). Punishment, enhanced under the provisions of V.T.C.A., Penal Code, Section 12.42(d), was assessed at life.

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) by advancing contentions which counsel says might arguably support the appeal. See *Gainous v. State,* 436 S.W.2d 137 (Tex.Cr.App.1969); *Currie v. State,* 516 S.W.2d 684 (Tex.Cr. App.1974). A copy of counsel's brief has been delivered to appellant and appellant has been advised that he would be given an opportunity to examine the appellate record and that he had a right to file a pro se brief. No pro se brief has been filed.

Appellant urges two grounds of error which arguably support his appeal and the initial ground of error challenges the sufficiency of the evidence to support the conviction. Consequently, a brief recitation of the facts is necessary.

On May 26, 1976, Officer Shipley was directing traffic in downtown Houston when he observed appellant in the course of a traffic violation of walking against the wait light. As appellant approached him, Shipley noticed that appellant was walking

with a swaying motion; and, as appellant got closer, Shipley could smell alcohol on his body and breath and formed the opinion that appellant was intoxicated in public. Shipley arrested appellant for public intoxication and took him to Shipley's patrol car. Upon the arrival of other officers at the location, appellant was searched incident to his arrest and several credit cards belonging to John M. O'Sullivan were found in appellant's possession. No change, coins, bills or any identification was found on appellant's person with the exception of the credit cards.

Jeanne O'Sullivan testified that on May 25, 1976, her billfold was taken from her purse and that the billfold contained several credit cards, including the BankAmericard, made the subject of the instant indictment. Most of the credit cards were made out to her husband, John O'Sullivan. Jeanne O'Sullivan testified that she did not see anyone take her wallet but that she did not give anyone consent or permission to have her credit cards.

Herman Edwards, a service station employee, identified appellant as the person who on May 25, 1976, obtained the key and went to the restroom at the service station and immediately left the premises. Edwards' employer, Buddy Garner, testified that he noticed water running out of the bathroom of his service station and consequently he went into the bathroom and noticed water coming out of the commode. Upon inspection of the commode, Garner found a wallet in the toilet tank. Garner found identification in the wallet and called John O'Sullivan, who retrieved his wife's wallet the next day.

Another service station employee recalled giving the key to the restroom to appellant and that it was only around fifteen minutes after appellant had entered the restroom that the wallet was found in the commode in the restroom and that no one else had obtained the key to the restroom during the intervening fifteen minutes from the discovery of the wallet to the time when appellant entered the restroom.

Appellant argues that the evidence is insufficient to support the conviction because the State did not disprove appellant's explanation for the recently stolen property. He is relying upon the testimony on redirect examination of Officer Shipley for the evidence of appellant's explanation of the property since appellant did not testify and no witnesses testified in his behalf. Officer Shipley stated on redirect that appellant had told him that he was going to turn the credit cards in. Upon additional questioning, Shipley stated that appellant told him that he had found the cards.

■ Evidence that the defendant had the personal, unexplained possession of property recently stolen is sufficient to raise a presumption or inference of guilt and to sustain his conviction for theft of that property. See, e. g., *Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *Sirabella v. State,* 492 S.W.2d 571 (Tex.Cr.App.1973); *Smith v. State,* 518 S.W.2d 823 (Tex.Cr.App.1975). However, evidence that a defendant had the personal possession of property recently stolen is not sufficient to sustain his conviction for theft of that property if when he was first directly or circumstantially called upon to explain his possession of the property he made a reasonable explanation which is not refuted, showing his honest acquisition of the property. *Smith v. State,* supra.

As in *Smith,* the appellant relies principally on the case of *Huff v. State,* 492 S.W.2d 532 (Tex.Cr.App.1973). In that case, although the appellant was shown to be in the possession of a recently stolen automobile, the State also proved the appellant's explanation was made at the time he was arrested that he purchased the automobile. The State did not refute or prove the falsity of such explanation, and the appellant corroborated his explanation of the purchase of the automobile through testimony of another witness who testified that she had furnished the appellant money to purchase the automobile and had received a receipt which in the process of moving she had misplaced.

Assuming that the statement is an explanation of acquisition, it was for the jury to determine if appellant's exonerating statement was reasonable and probably true, and the jury was not required to accept the explanation offered by the appellant. See *Grant v. State,* 507 S.W.2d 732 (Tex.Cr.App.1974); *Bryant v. State,* 397 S.W.2d 445 (Tex.Cr.App.1966).

In the instant case the State refuted the statement that he was going to turn the cards in to the owners. Both John O'Sullivan and Jeanne O'Sullivan stated that they received no calls from anyone offering to turn the cards over to them, and the State showed circumstantially that appellant was in the restroom where Jeanne O'Sullivan's wallet was discarded. We conclude that the evidence is sufficient to sustain the conviction.

Appellant contends that the indictment in the instant case is fundamentally defective in that it fails to allege that the credit card in question was taken "without the effective consent of the owner."

The relevant portion of the indictment alleged that L. D. Prodan "did then and there unlawfully and knowingly steal a BankAmericard credit card owned by Jeanne O'Sullivan, hereafter styled the complainant, from the possession of the complainant with the intent to deprive the complainant of the property."

V.T.C.A., Penal Code, Section 32.31(b)(4), provides:

"A person commits an offense [credit card abuse] if . . . he steals a credit card or, with knowledge that it has been stolen, receives a credit card with intent to use it, sell it, or to transfer it to a person other than the issuer of the cardholder . . ."

Appellant filed no motion to quash the indictment; however, the indictment charges the first mode in which the offense of credit card abuse may be committed under Section 32.31(b)(4), supra. As in the case of *Baldwin v. State,* 538 S.W.2d 109 (Tex.Cr.App.1976), the indictment was sufficient to put appellant and his attorney on notice of the crime (credit card abuse) for which he was charged. As we stated in *Baldwin,* it is not necessary to define theft in credit card abuse just as it is not necessary to define theft or set out all of its elements in a burglary case. Consequently, following the rationale of *Baldwin,* the fact that the State did not allege that the credit card was stolen "without the effective consent of the owner" does not render the indictment fundamentally defective.

Appellant's second ground of error is overruled.

The judgment is affirmed.