**Ex parte Glenn Lavester CLARK.**

**No. 60073.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 16, 1979.

Rehearing Denied Oct. 31, 1979.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

OPINION

ROBERTS, Judge.

This is a post-conviction application for writ of habeas corpus pursuant to the provisions of Article 11.07, Vernon's Ann.C.C.P.

On March 7, 1975, appellant, after pleading guilty, was convicted for the offense of credit card abuse in Cause No. C–74–11609HP. See V.T.C.A., Penal Code, Section 32.31(b). Punishment was assessed by the court at two years' confinement. No appeal was taken. The record reflects that appellant has since successfully completed this sentence and has been discharged therefrom.

Appellant is presently serving a sentence for a conviction for unauthorized use of a vehicle. See V.T.C.A., Penal Code, Section 31.07. He was convicted for this offense on December 7, 1976, after pleading guilty. The court assessed his punishment at six years' confinement. We affirmed this conviction in an unpublished per curiam opinion delivered October 5, 1977. See *Clark v. State*, No. 55,030, delivered October 5, 1977.

On October 23, 1978, petitioner filed his application for writ of habeas corpus challenging the validity of his prior conviction for credit card abuse (Cause No. C–74–11609HP), the sentence for which he has successfully completed.

On October 31, 1978, the trial court, pursuant to Article 11.07, § 2(c), supra, entered findings of fact and conclusions of law in which the court found that petitioner's indictment for the credit card abuse offense was fundamentally defective and that his conviction therefor was void; the court further recommended that although petitioner was not presently confined due to this conviction, he should, nevertheless, be granted relief in light of the serious collateral consequences which must necessarily result from this conviction.

It is clear that a fundamentally defective indictment may be challenged by writ of habeas corpus under Article 11.07, supra. *Ex parte Walters*, 566 S.W.2d 622 (Tex.Cr.App.1978). Moreover, because of the serious collateral consequences arising from a felony conviction, the doctrine of mootness does not prohibit a collateral attack by writ of habeas corpus brought after the petitioner has successfully served the sentence for the felony conviction. *Ex parte Harp*, 561 S.W.2d 180 (Tex.Cr.App. 1978).

In the present case, the indictment which petitioner now challenges alleges that he committed the offense of credit card abuse by:

". . . receiv[ing] an American Express *Credti* Card # 013–091–217–3–800A with intent to use it, without the effective consent of the cardholder."

We hold that this indictment fails to charge an offense of credit card abuse under any theory embodied in Section 32.31, supra; therefore, petitioner is entitled to the relief requested. See also *Ex parte Walters*, supra.

Accordingly, appellant's conviction in Cause No. C–74–11609HP for the offense of credit card abuse is void and the prosecution under this invalid indictment is ordered dismissed.

The relief sought is granted.

DOUGLAS, Judge, dissenting.

Clark was convicted in 1975. The conviction was passed upon and affirmed by this Court in 1977. He has served the full term. Now a majority of the panel holds that all the proceedings are void because of a defective indictment. Clark never contended at the trial or on appeal that the indictment was defective or that he did not know for what offense he was charged and convicted.

An indictment such as the one in this case was held sufficient, even though a motion to quash had been filed, in *Baldwin v. State*, 538 S.W.2d 109 (Tex.Cr.App.1976). In that case the indictment alleged that Baldwin "did then and there unlawfully,

knowingly, and intentionally steal a Master Charge credit card belonging to and from Brenda White."

An indictment was held good in *Prodan v. State*, Tex.Cr.App., 574 S.W.2d 100, in December, 1978. It alleged that Prodan

"did then and there unlawfully and knowingly steal a BankAmericard credit card owned by Jeanne O'Sullivan, hereafter styled the complainant, from the possession of the complainant with the intent to deprive the complainant of the property."

In the present case there was no motion to quash the indictment. It alleged Clark committed the offense of credit card abuse by

"receiving an American Express Credit Card # 013–091–217–3–800A with intent to use it, without the effective consent of the cardholder."

V.T.C.A., Penal Code, Section 32.31(b)(4), provides:

"A person commits an offense [credit card abuse] if . . . he steals a credit card or, with knowledge that it has been stolen, receives a credit card with intent to use it, to sell it, or to transfer it to a person other than the issuer or the cardholder . . . ."

The indictment in the present case alleges an offense in the terms of the statute. The indictments in the *Baldwin* and *Prodan* cases alleged theft and they were held sufficient. In the present case, the indictment alleges that Clark received the credit card which is covered by the statute. It provides that it is an offense to steal or receive such a card. The majority grants him relief and in doing so ignores and refuses to follow prior decisions.

The relief sought should be denied.

Joined by W. C. DAVIS, J.

Before the court en banc.

### OPINION ON STATE'S MOTION FOR REHEARING

PHILLIPS, Judge.

The State has adopted the dissent to the opinion on original submission as its brief on Motion for Rehearing. The dissent urges that the indictment in this case alleges an offense in terms of the statute, V.T.C.A. Penal Code, Section 32.31(b)(4). That subsection provides in pertinent part that a person commits an offense if ·

. . ., with knowledge that it has been stolen, [he] receives a credit card with intent to use it, to sell it, or to transfer it to a person other than the issuer or the cardholder; . . .

The indictment alleged that appellant

. . . receive[d] an American Express Credti [sic] Card # 013–091–217–3–800A with intent to use it, without the effective consent of the cardholder.

An indictment must allege all the essential elements of the offense charged. *Holcomb v. State*, 573 S.W.2d 814 (Tex.Cr.App.1978); *Ex parte Mathis*, 571 S.W.2d 186 (Tex.Cr.App.1978). The elements of the alleged offense are (1) a person (2) with knowledge that it has been stolen (3) receives a credit card (4) with intent to use it. There is no allegation in the indictment that appellant received the credit card "with knowledge that it has been stolen." The indictment fails to allege an element of the offense charged and is fundamentally defective. Petitioner is entitled to relief.

The State's Motion for Rehearing is denied.