**Robert Michael McELYEA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64420.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 11, 1980.

William T. Woods, III, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, and William T. Harmon, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation. The court assessed punishment at three years and a fine of $4,000.00.

McElyea was convicted of theft in 1977 and was assessed a punishment of six years, probated. The motion to revoke McElyea's probation was filed on February 23, 1979 and charged him with "committing the offense of theft on or about February 19, 1979 in Harris County, Texas. . . ."

At the revocation hearing, Lt. Robert Calhoun of the Eldorado, Arkansas Police Department testified that on February 18, 1979, he went to McElyea's house and found a blue horse trailer parked in McElyea's carport. Based on information he had received earlier, Calhoun believed the trailer to be stolen. He talked to appellant and asked to look at the trailer. He then told McElyea that the trailer had been stolen. McElyea replied that his brother Billy had brought the trailer to appellant's home. The trailer had Arkansas license plates on it, which were registered to a Billy McElyea for a utility trailer. When asked, McElyea stated that the license plates belonged to his brother. The only other witness to testify for the State was the owner of the trailer who testified to the circumstances of his loss. He was unable to identify anyone who might have stolen his trailer.

The defense presented three witnesses, the appellant's mother, his wife, and the appellant himself. All three testified to McElyea's version of the incident: that his brother Billy had brought the trailer to his house and that he had no idea the trailer was stolen until the confrontation with Lt. Calhoun.

Though the motion to revoke does not specify the exact subsection of V.T.C.A., Penal Code, Section 31.03,[1] the State was relying on a theory of possession of recently stolen property. In *Prodan v. State*, 574 S.W.2d 100, 103 (Tex.Cr.App.1978), the Court held that where a defendant had the personal, unexplained possession of recently stolen property it is sufficient to raise a presumption of guilt and to sustain the conviction for theft of that property. That presumption is rebutted and the evidence rendered insufficient if the defendant, when first called upon to explain his possession of the property, makes a reasonable unrefuted explanation showing his honest acquisition of the property. See also *Smith v. State*, 518 S.W.2d 823 (Tex.Cr.App.1975).

The facts of this case present an issue similar to that in *Huff v. State*, 492 S.W.2d 532 (Tex.Cr.App.1973). There we noted that not only had the State proved possession of the stolen automobile by the defendant but also the defendant's explanation that he had purchased it. "The State neither refuted nor proved the falsity of such explanation." 492 S.W.2d at 533. There, just as in the present case, the defense was able to corroborate all the details of the defendant's explanation. We held that where "a defendant's explanation is reasonable and is sufficient to rebut the circumstance of possession of property recently stolen, the evidence is insufficient to sustain the conviction if it fails to show that the explanation was false."

The order revoking probation is reversed and remanded.

---

1. We do not pass upon the sufficiency of the motion to revoke.