**Donald Leroy HITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–318–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 10, 1982.

Garland McGinnis, Jr., Houston, for appellant.

Roberto Gutierrez, Houston, for appellee.

MILLER, Justice.

This is an appeal from a conviction of theft. Appellant was charged in a two

paragraph indictment with burglary of a habitation and theft. The case was tried before a jury which found appellant not guilty of burglary. The jury found appellant guilty of theft of a rifle and a camera, and assessed punishment at ten (10) years confinement in the Texas Department of Corrections and a six thousand dollar fine. Appellant gave timely notice of appeal and now urges the evidence presented at trial was insufficient to support the conviction for theft. We agree, and we reverse the judgment of the trial court.

The evidence introduced at trial revealed that on the evening of March 7, 1981, the house of Jerry and Johnnie Duncan was burglarized while the Duncans were spending the evening out. As was their usual practice, the Duncans left their two small children with their regular babysitter. Tina Marie Simmons. Appellant, Simmons' boyfriend, and another man, Ronnie Pauly, were at Simmons' house when the Duncans dropped off their children between eight and nine o'clock at night. The Duncans picked up their children at approximately 1:00 a.m. and returned home to find it burglarized. The missing items included four guns, several cameras, jewelry and Mr. Duncan's paycheck.

The State called Tina Marie Simmons as its primary witness. Simmons testified that appellant and Pauly were present when the Duncan children were left on the evening in question. She testified she heard Pauly suggest to appellant that they break into the Duncans' house. She then heard Pauly and appellant leave on Pauly's motorcycle. When they returned a few hours later Pauly was carrying some guns and a pillow case containing cameras and jewelry. Appellant reportedly was not carrying anything in his hands. Simmons testified she told Pauly she did not want the stolen items in her home, so appellant ordered Pauly to take the property out of the house. She further testified that on the following day Pauly sold the guns to a man named Charles Toledo. Appellant was present at the transaction, but did not participate in the sale or accept any money from Toledo.

Simmons then testified concerning the stolen paycheck. She stated she first saw the check in the possession of Melissa Wilburn, her brother's girlfriend, approximately one week after the burglary. Simmons testified she saw Wilburn write Jerry Duncan's name on the back of the paycheck and that Wilburn attempted to cash it at a store. Wilburn was unsuccessful and gave the check to appellant. Appellant left with the check, and after obtaining a false identification card, attempted to cash the check at a Foodland grocery store and was arrested.

The cashier and manager of the Foodland store both testified that appellant brought Duncan's paycheck to the courtesy booth at their store on March 14. Appellant handed over the endorsed check and an identification card containing his picture and Duncan's name. The store manager testified he told appellant he would have to get the check approved because appellant did not have an official Texas Driver's License. He further testified that appellant then became nervous and attempted to leave. The manager and some store employees stopped appellant and forcibly restrained him until the police arrived.

The State rested after presenting the above evidence. Appellant did not testify at the guilt or innocence stage. Ronnie Pauly was not subpoenaed, nor did he testify at the trial. The State obtained a jury instruction on circumstantial evidence and relied on the law of parties, Tex.Penal Code Ann., Sec. 7.01, et seq., to support appellant's conviction. Section 7.02 of the Penal Code states in pertinent part:

(a) A person is criminally responsible for an offense committed by the conduct of another if:

> .         .         .         .         .

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

The State therefore maintains appellant's conviction can be upheld simply by con-

sidering appellant's presence and participation in the above facts in conjunction with the proven and circumstantial evidence of the case.

In reviewing questions of sufficiency of the evidence, appellate courts must consider the evidence in the light most favorable to the verdict. *Rohlfing v. State,* 612 S.W.2d 598 (Tex.Cr.App.1981). After considering the evidence in this light, however, we are of the opinion the evidence was insufficient to sustain the conviction for theft of the rifle and camera. There was no evidence presented at trial, direct or otherwise, that appellant exercised possessory control over the camera or gun. The evidence only points to appellant's control over the paycheck, an item for which appellant was not charged. An inference or presumption of guilt of burglary or theft may arise from a defendant's possession of property stolen or taken in a recent burglary. *Rodriguez v. State,* 549 S.W.2d 747 (Tex.Cr. App.1977). Appellant, however, was found not guilty of burglary. Therefore, for the theft conviction to be sustained, the presumption of guilt for theft of certain property may only be made by showing the unexplained possession of the same stolen property. In *McElyea v. State,* 599 S.W.2d 828, 829 (Tex.Cr.App.1980), the Court of Criminal Appeals held that:

> where a defendant had the personal, unexplained possession of recently stolen property it is sufficient to raise a presumption of guilt and to sustain the conviction for theft of *that* property.

(emphasis supplied). The evidence at trial only revealed the unexplained possession of Duncan's paycheck. Therefore, a presumption of guilt of theft of that item of property would have been permissible. There was no evidence, however, of possession of the items charged in the indictment. Since appellant was acquitted of the burglary charge, proof of possession of the paycheck cannot be used by inference to sustain a conviction for theft of a gun and a camera. *Prodan v. State,* 574 S.W.2d 100 (Tex.Cr. App.1978).

The judgment of the trial court is reversed and the court is ordered to enter a judgment of acquittal.