*597 OPINION
HOPKINS, Justice.
Upon a not guilty plea, a jury found appellant guilty of the offense of burglary of a habitation and, finding the enhancement paragraph “true”, assessed punishment at 25 years confinement in the Texas Department of Corrections. In appealing from this judgment and sentence, the appellant’s two grounds of error allege insufficient evidence to sustain the conviction and error by the trial court in refusing to grant appellant’s motion to suppress evidence. Appellant asserts the evidence was seized without a search or arrest warrant, in violation of the Fourth Amendment to the Constitution of the United States and article I, section 9 of the Texas Constitution.
The judgment is affirmed.
Deputy Penaluna had received information from Lieutenant Vigil that Vigil was looking for a green and white pickup truck suspected as having been involved in area burglaries. While on routine patrol, Pena-luna observed a green and white pickup truck parked in the driveway of a residence and a black man was knocking at the residence door. Penaluna thought it unusual for a black man to be seen at the door of a residence in that particular neighborhood and decided to keep appellant under surveillance. After approximately three minutes the man got in the pickup and drove to the rear of the residence where there was a lawn mower repair shop. Penaluna testified the repair shop was suspected of being involved in a “fencing” operation dealing in stolen merchandise. He radioed Vigil that he had a green and white pickup under surveillance. Penaluna also testified it appeared that no one was at the residence and when he could not observe what was going on at the rear of the residence, he drove into the driveway and observed that appellant had backed the pickup up to a row of lawn mowers at the repair shop and was standing about five feet from the truck. As Penaluna approached the truck, he looked through a window and saw what appeared to be a stack of guns partially covered by a towel.
When Vigil arrived at the scene he looked through an open door of the truck and noticed a gun stock partially covered by a towel under which it appeared there were other guns. Vigil lifted the towel and found six or seven rifles and shotguns. Vigil testified that when appellant was asked if the guns were his, he replied they belonged to a friend and he was holding them for him. Vigil told appellant he was seizing the guns and that the friend could come and get them. Appellant said, “go ahead.” Appellant was not placed under arrest and no further search of the vehicle was made. At the time of seizure there had been no report of burglary or theft involving guns, however, Vigil testified that a woman had reported an unauthorized green and white truck, operated by a black man, being parked in her yard.
The complaining witness (Dunn) testified that appellant came to his home and informed him his house (Dunn’s) had been burglarized. Dunn further testified that appellant told him his (Dunn’s) guns were laying outside and that appellant had taken the guns into his possession to hold them for him. Appellant also advised Dunn that the officer had the guns and that they thought appellant had stolen them. Appellant asked Dunn to tell the police that he had given appellant permission to take the guns. Upon investigation, Dunn found that his home had been burglarized and several guns and other property had been taken and he then contacted the sheriff’s office. The appellant did not testify.
In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. State, 672 S.W.2d 801, 803 (Tex.Crim.App.1984); Houston v. State, 663 S.W.2d 455, 456 (Tex.Crim.App.1984); Wilson v. State, 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on rehearing). *598 A conviction cannot be sustained if the evidence leaves any reasonable doubt as to the guilt of the accused. Jackson v. Virginia, 443 U.S. 307, 317-18, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979). Thus, it follows that a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. Johnson v. State, 673 S.W.2d 190, 195 (Tex.Crim.App.1984); Jackson, 672 S.W.2d at 803.
When a burglarious entry has been established, the unexplained possession by the accused of property recently stolen from the premises is generally considered to be sufficient to support a conviction of burglary. See Nelson v. State, 599 S.W.2d 809, 810 (Tex.Crim.App.1980). To warrant an inference or presumption of guilt from the circumstances alone of possession, such possession (1) must be personal, (2) must be recent, (3) must be unexplained, and (4) must involve a distinct and conscious assertion of property by the defendant. Grant v. State, 566 S.W.2d 954, 956 (Tex.Crim.App.1978). In Hardesty v. State, 656 S.W.2d 73, 77 (Tex.Crim.App.1983), it was held that possession of recently stolen property does not create a presumption of guilt but merely an inference of guilt and the evidence must meet the applicable circumstantial evidence standard. Further, possession of recently stolen property is insufficient to sustain a conviction if, when first directly or circumstantially called upon to explain his possession, the accused gives a reasonable explanation which is not refuted showing his honest acquisition of the property. Prodan v. State, 574 S.W.2d 100, 102 (Tex.Crim.App.1978). Whether an explanation is reasonable and probably true is a matter to be determined by the fact finder and a jury is not required to accept the explanation offered. Id. at 103. Appellant’s statement that he was holding the guns for a friend is not an explanation of his acquisition of the guns and it was not until after the seizure of the guns that he explained the acquisition to the owner. The credibility of this explanation was severely lessened when appellant asked the owner to lie to the sheriff by telling him appellant had permission to take the guns. In any event, the jury chose not to believe the truth of the explanation or found same not to be a reasonable explanation.
The four criteria of Grant and the requirement of Hardesty were met in this case. (1) The possession was personal in that the guns were found in the truck driven by appellant; (2) the possession was recent in that appellant was found in possession within two or three hours after the burglary; (3) the possession was unexplained, or at least the explanation was not found to be credible by the jury; and (4) appellant asserted a conscious and distinct assertion of the property when he placed same in his truck, covered the guns with a towel and drove away from the owner’s premises without so much as leaving the owner a note that he had taken the guns. Viewing the evidence in the light most favorable to the State, we find the evidence was sufficient to sustain the conviction for burglary. Appellant’s first ground of error is overruled.
In the second ground of error appellant complains of the trial court’s failure to suppress introduction of the guns into evidence contending the seizure was a result of an invalid search and seizure. The State asserts there was no search and that the seizure was made under the “plain view” doctrine based upon probable cause.
“[PJlain view alone is never enough to justify the warrantless seizure of evidence.” Coolidge v. New Hampshire, 403 U.S. 443, 468, 91 S.Ct. 2022, 2039, 29 L.Ed.2d 564 (1971) (emphasis in original). For the plain view doctrine to apply, not only must the officer be legitimately in a position to view the object, but it must be immediately apparent to the officer that he has evidence before him. Brown v. State, 617 S.W.2d 196, 200 (Tex.Crim.App.1981), rev’d on other grounds, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). The seizure of property in plain view is presumptively reasonable, assum *599 ing there is probable cause to associate the property with criminal activity. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).
We therefore focus our review upon whether the State proved that the officers had probable cause to associate appellant’s possession of several guns in his pickup with criminal activity. The officers were in possession of the following information: (1) there had been several burglaries in the area; (2) a pickup truck matching the description of appellant’s truck had been seen driving around in the area of the burglaries; (3) a woman had reported an unauthorized vehicle fitting the pickup description in her yard and driven by a black man; (4) appellant was a black man; (5) the lawn mower repair shop was suspected of dealing in stolen merchandise; (6) the officers thought it unusual for a person to have six or seven rifles and shotguns in a vehicle; and (7) the stack of guns was covered by a towel.
We hold that the officers (1) were legitimately at the location, (2) observed the guns in plain view, and (3) had probable cause to believe they were evidence. Appellant’s second ground of error is overruled.
The judgment is affirmed.
FENDER, C.J., dissents.