Abner Lee COCKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–04–00056–CR.

Court of Appeals of Texas,
Waco.

July 13, 2005.

Rehearing Overruled Aug. 2, 2005.

Andrew W. Lucas, Glen Rose, for appellant.

B.J. Shepherd, Bosque County Dist. Atty., Martin L. Peterson, Asst. Dist. Atty., Meridian, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Abner Lee Cocke of burglary of a habitation and assessed his punishment at life imprisonment after Cocke pleaded "true" to enhancement allegations. Cocke contends in his sole issue that the court erred by failing to provide an accomplice-witness instruction to the jury in the guilt-innocence charge. We will reverse and remand.

The evidence establishes that five firearms and a Chevrolet pickup were stolen from Thomas Vick's residence in Bosque County on May 16, 2003. Law enforcement officers in neighboring Coryell County discovered the stolen pickup on May 22 during an unrelated drug investigation at premises occupied by Paul Bundrant (and owned by his mother). Bundrant, David Sneed, and Sid Harmon were on the premises when the officers executed the search warrant which led to the discovery of the pickup. Bundrant was arrested on a drug charge. After the officers impounded the pickup and confirmed that it was stolen, they discovered that some firearms had also been stolen with the pickup. They returned and searched Bundrant's property for the stolen firearms but found none.

Sneed testified that Cocke had brought the pickup to Bundrant's property a few days before the raid. Cocke sold two firearms to Sneed on that day for $50 apiece. Sneed thought Cocke "[s]eemed like a desparate man" with "no money, no cigarettes or nothing." At some point during the course of the drug raid, the officers mentioned the stolen firearms. Sneed told them that he had purchased two firearms

from Cocke and that he would bring them in. The firearms were identified as two of the five stolen from Vick's residence. Vick testified that these firearms were worth $800 and $1,000 respectively. Sneed also told the investigators where two of the other stolen firearms were located on Bundrant's property.

Officers then obtained consent from Bundrant to search the property, where they recovered the two stolen firearms Sneed had told them about. Bundrant testified that Warner Massingill, an acquaintance of his, and Cocke, whom he had not met before, stayed on his property a few days in mid-May. Cocke returned a few days later with the stolen pickup. Cocke gave Bundrant the two firearms as "rent" for allowing Cocke to stay on his property. When Bundrant saw that Cocke and Massingill had removed the rear bumper from the pickup and were "sanding on it," Bundrant advised them that the pickup needed to be taken elsewhere if it was stolen. Massingill told Bundrant that they would. Cocke and Massingill were gone the next day, and Bundrant did not see the pickup either.

Bundrant overheard Cocke offer to sell another firearm to Sid Harmon. Harmon's father testified that Sid later sold him what turned out to be the last of the stolen firearms for $100.

At trial, Cocke argued that Bundrant and Sneed were accomplice witnesses because of their possession of property stolen in the Vick burglary. However, the court denied Cocke's request to include an accomplice-witness instruction in the charge.

■■■ Cocke contends in his sole issue that the court erred by denying his request for an accomplice-witness instruction because Bundrant and Sneed are either accomplices as a matter of law or a fact issue was raised on this issue which the

jury should have been instructed to resolve.

"A defendant is entitled to an instruction on [a defensive issue] if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense." *Ferrel v. State,* 55 S.W.3d 586, 591 (Tex.Crim.App.2001). The purpose of this rule is to ensure "that the jury, not the judge, will decide the relative credibility of the evidence." *Granger v. State,* 3 S.W.3d 36, 38 (Tex. Crim.App.1999); *Prenger v. State,* 108 S.W.3d 501, 505 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd). We review the evidence in the light most favorable to the defendant to determine whether a defensive issue should have been submitted. *See id.*

*Johnson v. State,* 157 S.W.3d 48, 50 (Tex. App.-Waco 2004, no pet.).

A defendant cannot be convicted on the testimony of an accomplice unless that testimony is corroborated by other evidence which tends to connect the defendant with the commission of the offense. TEX.CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005).

■■■ "An accomplice participates with a defendant before, during, or after the commission of a crime and acts with the required culpable mental state." *Paredes v. State,* 129 S.W.3d 530, 536 (Tex.Crim. App.2004). This participation must involve an affirmative act which promotes the commission of the crime. A person is an accomplice as a matter of law if the person "is susceptible to prosecution for the offense with which the accused is charged or a lesser included offense." *Id.*

■■■ A trial court has no duty to charge the jury on the accomplice-witness rule unless there is no doubt or the evidence clearly shows that a witness is an accom-

plice as a matter of law. If conflicting evidence is presented on a witness's status as an accomplice or if it is unclear whether the witness is an accomplice, "then the trial court must leave to the jury the question of whether the inculpatory witness is an accomplice witness as a matter of fact under instructions defining the term 'accomplice.'" *Id.*

■ A person need not "actually participate in the commission of the offense to be criminally responsible," nor must the person "be physically present at the commission of the offense" to be considered a party. *Guevara v. State,* 152 S.W.3d 45, 51–52 (Tex.Crim.App.2004). Thus, when there is independent evidence of a recent burglary, a defendant's unexplained possession of property stolen in that burglary may constitute sufficient evidence to convict. *See Christopher v. State,* 833 S.W.2d 526, 527–28 (Tex.Crim.App.1992); *Tabor v. State,* 88 S.W.3d 783, 786 (Tex.App.-Tyler 2002, no pet.); *Dixon v. State,* 43 S.W.3d 548, 552 (Tex.App.-Texarkana 2001, no pet.); *Jackson v. State,* 12 S.W.3d 836, 839 (Tex.App.-Waco 2000, pet. ref'd).

■ To be sufficient, the defendant's possession of the stolen property must be personal, recent, and unexplained. *Tabor,* 88 S.W.3d at 786; *Sweeny v. State,* 925 S.W.2d 268, 270 (Tex.App.-Corpus Christi 1996, no pet.); *Dickerson v. State,* 740 S.W.2d 567, 570 (Tex.App.-Fort Worth 1987, pet. ref'd). If the defendant offered an explanation for possessing the stolen property when he was first asked to explain, then the record must demonstrate that the explanation is false or unreasonable before the evidence will support a conviction. *See Prodan v. State,* 574 S.W.2d 100, 102 (Tex.Crim.App. [Panel Op.] 1978); *Tabor,* 88 S.W.3d at 786; *Dixon,* 43 S.W.3d at 552; *Jackson,* 12 S.W.3d at 839. Whether the explanation is false or unreasonable is an issue to be determined by the trier of fact. *See Prodan,* 574 S.W.2d at 103; *Tabor,* 88 S.W.3d at 786; *Jackson,* 12 S.W.3d at 840.

Here, the parties dispute whether Bundrant's and Sneed's possession of the stolen firearms was recent or unexplained. Regarding recency, the evidence (viewed in a light most favorable to Cocke) is that Bundrant and Sneed came into possession of the stolen firearms within a few days after the burglary.[1]

Bundrant testified that when asked he told the investigating officer that Cocke had given him two firearms and told the officer where he had stored those firearms. The State offered no evidence to refute Bundrant's explanation of how he came into possession of the stolen firearms.[2] Nevertheless, it was for the jury to decide whether Bundrant provided a reasonable explanation for his possession of the stolen firearms. *See Prodan,* 574 S.W.2d at 103; *Tabor,* 88 S.W.3d at 786; *Jackson,* 12 S.W.3d at 840.

Sneed brought the stolen firearms he had to the investigating officers and explained that he had purchased them from Cocke. As with Bundrant's explanation, the State offered no evidence to refute Sneed's explanation. Cocke contends that

---

1. Bundrant testified that Cocke brought the stolen pickup to his property between 3 and 5 days before the police raid. Sneed testified that Cocke sold him two firearms the same day. Bundrant testified that Cocke gave him the two firearms for "rent" about 1 or 2 days later.

2. Defense counsel referred to a written statement Bundrant gave the investigating officer during counsel's cross examination of Bundrant. From the context of this cross examination, it appears that Bundrant told the officer that he had initially declined Cocke's offer to give him the firearms. However, Bundrant's statement was not offered in evidence.

Sneed's explanation is unreasonable because he paid far less than market value for the firearms he bought. *See Billups v. State,* 119 Tex.Crim. 57, 46 S.W.2d 973, 974 (1932) (defendant entitled to accomplice-witness instruction where witness had purchased stolen property from defendant for less than market value). As with Bundrandt's explanation, it was for the jury to decide whether Sneed provided a reasonable explanation for his possession of the stolen firearms. *See Prodan,* 574 S.W.2d at 103; *Tabor,* 88 S.W.3d at 786; *Jackson,* 12 S.W.3d at 840.

The jury should have been instructed to determine whether Bundrant and Sneed offered reasonable explanations for their possession of the recently stolen firearms. *See Prodan,* 574 S.W.2d at 103; *Tabor,* 88 S.W.3d at 786; *Jackson,* 12 S.W.3d at 840. The jury should have been further instructed that, if it determined that Bundrandt's and Sneed's explanations were unreasonable, it could not convict Cocke absent evidence tending to connect him to the offense. *See Paredes,* 129 S.W.3d at 536. Thus, the court erred by denying Cocke's request for an accomplice-witness instruction. However, this error does not require reversal unless Cocke suffered "some harm." *Herron v. State,* 86 S.W.3d 621, 632 (Tex.Crim.App.2002).

A defendant is not harmed by the erroneous denial of a requested accomplice-witness instruction if: "(1) there is non-accomplice evidence, and (2) there is no rational and articulable basis for disregarding the non-accomplice evidence or finding that it fails to connect the defendant to the offense." *Id.* at 633.

The non-accomplice evidence in this case cannot be characterized as "substantial." *Cf. id.* (citing *Medina v. State,* 7 S.W.3d 633 (Tex.Crim.App.1999)). The non-accomplice evidence in this case comes from Vick, who testified that Cocke is his for-

mer son-in-law. Vick testified that the keys to the stolen pickup were removed from an antique coffee can which stayed in an inconspicuous location on top of the china cabinet with other vases, jars, and collectibles. The coffee can had been taken from the shelf it was on and emptied onto the dining room table. It did not appear that any of the other items on the shelves of the china cabinet had been disturbed. Vick opined that Cocke would likely have been familiar with the location of this coffee can and its contents, although he was not certain of this.

Because the non-accomplice evidence in this case is tenuous at best, we conclude that Cocke suffered "some harm" because of the court's denial of his requested accomplice-witness instruction. Thus, we sustain his sole issue.

We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice concurring.

Under the authority of *Billups,* an instruction defining what an accomplice is and a generic accomplice-witness instruction under article 38.14 should have been given. *Billups v. State,* 46 S.W.2d 973 (Tex. Crim. App. 1932); TEX. CODE CRIM. PROC. ANN. art 38.14 (Vernon 2005).

Under the authority of *Herron,* the failure to give the instruction was some harm. *Herron v. State,* 86 S.W.3d 621 (Tex. Crim. App. 2002).

I concur in the judgment of the majority.

Any further discussion in the majority opinion about what should have been included in the charge and what the jury could or could not do based upon its determination of whether Bundrandt or Sneed

were accomplices I do not join, because it is unsupported by the statute (art. 38.14), or the case law, is unnecessary for the disposition of this appeal, and is merely an advisory opinion which we have no jurisdiction to render.